CONNOR *et al. v.* VICKSBURG & M. R. Co.

(*Circuit Court, E. D. Missouri, E. Г.* October 5, 1888.)

**1. COURTS—FEDERAL COURTS—JURISDICTION—NON-RESIDENT CORPORATION.**
Under the provision of act of March 3, 1887, that no civil suit shall be brought in the federal courts in any district other than that whereof defendant is an "inhabitant," but that, where jurisdiction is founded only on diverse citizenship, suit shall be brought only in the district of the residence of one of the parties, a circuit court in Missouri has no jurisdiction of an action against a corporation created by the state of Mississippi, and having its principal office there, for damages for acts amounting to a violation of the inter-state commerce law, though defendant has an office and agent in Missouri, and plaintiff resides there, and though the petition shows a cause of action at common law.

**2. SAME—OBJECTIONS TO JURISDICTION—MOTION TO DISMISS.**
Where the petition shows on its face that the court has not jurisdiction of the cause, the action may be dismissed on motion. The objection need not be first raised by demurrer.

At Law. Motion to set aside the return, and to dismiss the suit.
*Minor Meriwether* and *Henry W. Bond,* for plaintiffs.
*Pollard & Werner,* for defendant.

THAYER, J. In this case plaintiffs are citizens of Missouri, and the defendant is a corporation created by the laws of the state of Mississippi, and has its chief office and place of business in that state. The petition avers that defendant also has an office in the city of St. Louis, and has an agent in this city for the transaction of its business. Process has been served on the alleged agent, in accordance with the laws of Missouri regulating service upon foreign corporations. Defendant appears specially, and moves to set aside the marshal's return of service, and to dismiss the suit on two grounds: *First.* Because the petition shows that the cause of action is of such character that defendant can only be sued thereon in a federal court, in the district where it was incorporated and has its chief office,—that is, in Mississippi. *Second.* Because (as it is claimed) the person on whom process was served was not its agent at the time of service. An objection is raised to any consideration of the first point of the motion, for the reason that it is not raised by demurrer. With reference to that objection it is only necessary to say that, where it is claimed that a petition shows on its face that the court is without jurisdiction of the cause, I can conceive of no substantial reason why the defendant should not be permitted to move a dismissal of the same on that ground. In such case it is, in my opinion, wholly immaterial whether the jurisdictional question is raised by demurrer or by motion to dismiss. I accordingly proceed to consider whether the first point of the motion is well taken.

The first section of the act of March 3, 1887, regulating the jurisdiction of federal courts, provides that "no civil suit shall be brought before either of said courts (district or circuit) against any person * * *

in any other district than that whereof he is an inhabitant; but where jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." In the present case it is obvious that the jurisdiction of this court (if it has jurisdiction) does not depend "only on the fact" that plaintiff and defendant are citizens of different states. The action is brought to recover damages sustained by reason of violations of an act of congress approved February 4, 1887, (24 U. S. St. at Large, 379,) commonly called the "Interstate Commerce Law." The petition is drawn with special reference to the provisions of that law, and states a cause of action over which the federal courts are expressly given jurisdiction by the ninth section of the act, without reference to the citizenship of the parties. It has been suggested that the petition states a cause of action at common law as well as under the statute, but it is unnecessary to determine that question on this motion, for, even if the acts complained of do give a right of action at common law, it is also true that they amount to a violation of the interstate commerce act; and the federal courts have been given jurisdiction of suits brought to recover damages growing out of violations of that act, without reference to the citizenship of the parties litigant. *Vide* § 9, *supra.* In any view of the case made by the petition, it is clear that the jurisdiction of this court is not dependent "only on the fact" of diverse citizenship; therefore, if jurisdiction of the cause is retained, it must be on the ground that the defendant is an "*inhabitant*" of this district within the meaning of the act of March 3, 1887.

For the purpose of determining whether defendant is an "inhabitant" of the district, I shall assume that the averments of the petition are true; that is, that it keeps an office and an agent in this district, for the purpose of making freight contracts, but that its chief office, as well as its railroad, is located in the state of Mississippi. Does the fact, then, that it has an office and an agent here constitute it an "inhabitant" of the district? This precise question, for reasons that appear to me to be sound, has been decided in the negative by the circuit court of the United States for the Southern district of New York and Northern district of Illinois. *Halstead* v. *Manning,* 34 Fed. Rep. 565; *Manufacturing Co.* v. *Manufacturing Co.,* Id. 818. See, also, *Reinstadler* v. *Reeves,* 33 Fed. Rep. 308. It has long been the settled rule, that a corporation created by a certain state, by virtue of that fact is to be deemed a citizen of that state for the purpose of determining questions of federal jurisdiction dependent on citizenship. For the same reason that entitles it to be regarded as a citizen of the state that creates it, it may also be said to be an inhabitant of such state, especially if (as in this case) its chief office and place of business is there located. In one case, at least, a corporation has been termed an inhabitant as well as a citizen of the state under whose laws it was incorporated. Thus in the case of *Railroad Co.* v. *Letson,* 2 How. 556, the court say:

"A corporation created by a state * * * seems to us to be a person, though an artificial one, inhabiting and belonging to that state, and therefore

entitled, for the purpose of suing and being sued, to be deemed a citizen of that state."

If an artificial person like a corporation may be an "inhabitant" of a state or district, it can with most propriety be said to be an inhabitant of the state that created it, or of the state where it keeps its records and principal office, and where its chief officers reside, or may most usually be found. These, in my judgment, are the tests which should determine the domicile of a corporation; and, tried by such tests, the defendant is clearly an inhabitant of the district of Mississippi. No other rule, indeed, seems to be applicable to the determination of the question of domicile, unless it be held that a corporation is an inhabitant of any and every state where it has an office and transacts business. But if the latter position be assumed, no reason is perceived why it might not with as good reason be held that a corporation is likewise a citizen of each state where it maintains an office and transacts business. That, however, is a doctrine at variance with all of the decisions respecting the citizenship of corporations. On the assumption that the defendant has an office and agent in this state, it goes without saying that it might have been sued in this district under the act of March 3, 1875, to determine the jurisdiction of the United States courts, as that act permitted suits to be brought against a defendant, not only in the district of his residence, but wherever he might "be found at the time of serving * * * process." These latter words, permitting service where a defendant may be found, have been dropped in the amendatory act of March 3, 1887, for the manifest purpose of requiring all suits to be brought in the district of the defendant's residence, excepting those suits in which jurisdiction is dependent solely on the fact of diverse citizenship. The authorities cited by plaintiffs' counsel in opposition to the motion (being all decisions under the act of March 3, 1875) are therefore not in point. The motion to dismiss the suit for want of jurisdiction over the person of the defendant (it being an inhabitant of the district of Mississippi) is therefore sustained, and the suit is dismissed.