STATE OF IOWA V. WILLIAM SKILLICORN, Appellant.

**Intoxicating Liquors:** INSTRUCTIONS. Where the jury were instructed
in a prosecution for maintaining a liquor nuisance, that if they
found that a person commonly, or frequently, or whenever the
opportunity offers, uses intoxicating liquors as a beverage, they
would have the right to infer that he was in the habit of so doing,
and the evidence showed that several persons purchasing were in
the habit of using intoxicating liquors as a beverage, the jury were
warranted in so finding, though it did not appear that any of them
made such use thereof "whenever the opportunity offers."

**SAME:** *Applicability.*   In a trial for the illegal sale of intoxicating
liquors, a reference in the charge to sales to minors is not preju-
dicial, although there is no evidence that any of the purchasers
were minors, when such reference was necessary to a full state-
ment of the law, and the question was plainly stated to the jury to
be whether purchasers habitually used liquor as a beverage.

**SAME.** An instruction in a trial for the illegal sale of intoxicating
liquors, which, without purporting to enumerate all, enumerates
certain facts to be taken into consideration in determining
whether any of the sales were unlawful, to which is added, "and
all other matters throwing light thereon," is not objectionable as
authorizing the jury to go outside of the testimony.

**SAME:** *Construction.*   The expression "to use as a beverage is to use
as a drink," followed by the statement, "It will be seen, therefore,
that, when liquor is not used with intent to either treat, cure, or
alleviate some bodily disorder or disease, it is not used for medical
purposes," could not have been understood to mean that such
liquor was used as a beverage merely because it was taken into
the system through the process of "drinking."

*Same.* In a trial for the illegal sale of intoxicating liquors an
instruction to the jury that whoever uses any building as a place
for selling, or keeping for sale, intoxicating liquors in violation
of law, is guilty of the crime of nuisance, and proof of a single
sale in a building so used, will warrant a conviction, is not objec-
tionable as a charge that a single sale, whether lawful or unlaw-
ful, will warrant conviction.   The words "single sale" have
reference to a sale "in violation of law."

*Same.*    An instruction to the jury in a trial for the illegal sale of intoxicating liquors that they should so construe the law as to prevent its evasion, and that no devise, art, or contrivance can avail the defendant if they find there was a substantial violation of the law, is in harmony with Code, section 1554, and not objectionable as leaving the jury to place their own construction upon the law as given in the instructions, and allowing them to hold the law to be other than that given in the instruction.

*Medicinal use.*    An instruction given to the jury in a trial for the illegal sale of intoxicating liquors, that "to use as a medicine is to use as a remedy for some disease, or as a medical agent in the treatment thereof" is not objectionable as a charge that if an ailment does not in fact exist, a purchase is unlawful, however honest the belief and purchase of the purchaser. It merely requires that purchases should be in good faith, for medical purposes.

SAME:    *Liquor applications.*    An instruction to the jury in a trial for the illegal sale of intoxicating liquors, which directs it to take into consideration the applications for the sale of liquor, the habits of the purchaser with reference to the use of ardent spirits, the frequency of the applications, and the amount purchased, in determining whether the law had been violated, sufficiently gives the defendant the full benefit of the proposition that applications made to him are evidence tending to show that the sales were legal.

EVIDENCE:    *Sufficiency.*    In a prosecution for maintaining a liquor nuisance, the evidence was sufficient to sustain the verdict, where it warranted the jury to find that several of the purchasers were persons in the habit of using intoxicating liquors as a beverage, and that their purchases were for such purposes, and that, as to some of them, defendant had reason for so believing, though they represented in each instance that they wanted the liquor for medical purposes.

*Appeal from Mills District Court.*—HON. W. R. GREEN, Judge.

### FRIDAY, DECEMBER 17, 1897.

DEFENDANT was indicted, tried, and convicted of the crime of nuisance, and judgment rendered against him, from which he appeals.—*Affirmed.*

*John Y. Stone, P. P. Kelley, W. S. Lewis,* and *L. T. Genung* for appellant.

*Milton Remley,* attorney general, *Jesse A. Miller,* and *Shirley Gilliland* for the state.

GIVEN, J.—I. The charge is of maintaining a liquor nuisance. It was admitted by the state that the defendant was a registered pharmacist, and that he held a permit to sell intoxicating liquors, as authorized by law. The state called fourteen witnesses, each of whom testified to having purchased intoxicating liquors from the defendant at his store at different times between July 1 and the finding of the indictment, December 14, 1895. Each of said witnesses identified "requests of purchase," made and signed by them, respectively, to the defendant for each of said purchases. The number of purchases by each thus shown range from four to ten. The state also introduced these requests in evidence, each of which states the amount and kind of liquor desired to be purchased; that it was for medical use; the name and address of the purchaser; and that he was not a minor, and did not habitually use intoxicating liquors as a beverage. Said witnesses were examined as to the purposes for which the liquors were in fact purchased, and the use made of them, and as to whether they were in the habit of using intoxicating liquors as a beverage. The defendant having offered to prove that he was a regular registered pharmacist, and held a permit, these facts were admitted, as we have already stated. It was also admitted that he had filed his bi-monthly statements of purchases, sales, and use of intoxicating liquors for said period, verified as required by law. We have stated sufficient of the evidence to show that the controlling issue was whether any of these purchasers did habitually use intoxicating liquors as a beverage.

II. The court instructed as follows: "(6) While the law does not allow a permit holder to sell intoxicating liquors when he knows or has reason to believe that the same are purchased to be used as a beverage, yet, if he should in fact have reason to believe the statements contained in the application, the mere fact that the purchaser afterwards used the same as a beverage, or for a different purpose from that stated in the application, would not create any liability on the part of the seller. On the other hand, it is not sufficient to protect the permit holder that he has no knowledge in relation to the statements contained in the application. If he sells intoxicating liquors without having reason to believe that the statements of the applicant are true, he has violated the law.

(7) With respect to sales to persons who are in the habit of using intoxicating liquors as a beverage and minors, the law goes further. The holder of a permit must personally know that the person applying for liquors is not a minor nor in the habit of using intoxicating liquors as a beverage, before he has the right to sell the same; and, if he sells to a person who is in the habit of using intoxicating liquors as a beverage, then, so far as this case is concerned, it will be immaterial whether the permit holder knew of that fact or not, and he will be liable in the same manner as if he held no permit." Appellant complains of the reference here made to minors. It is true, as stated elsewhere in the instructions, that there is no evidence that any of these purchasers were minors; but this reference to minors was necessary to a full statement of the law, and was without prejudice to the appellant, as the question submitted was plainly stated to be whether any of said purchasers habitually used intoxicating liquors as a beverage.

III.    The court, after defining "habit" as meaning the customary conduct of a person, to pursue which he has acquired a tendency from frequent repetitions of the same act," added: "If you find that a person commonly, or frequently, or whenever the opportunity offers, uses intoxicating liquors as a beverage, you would have the right to infer that he was in the habit of so doing." Appellant contends that there is no evidence that any of these purchasers used intoxicating liquors as a beverage "whenever the opportunity offers. The evidence, as set out in appellee's amendment to the abstract, tends strongly to show that several of these purchasers were in the habit of using intoxicating liquors as a beverage, and the jury was warranted in so finding. In the fifteenth instruction the court enumerated certain facts to be taken into consideration in determining whether any of the sales were unlawful, and added, "and all other matters throwing light thereon." It is insisted that by this the jury was authorized to believe that it might go outside of the testimony; but not so, we think, as all matters appearing in the evidence were not enumerated, and the other matters referred to must have been understood as matters proven in addition to those enumerated.

IV.    In the eighth instruction the court said: "To use as a medicine is to use as a remedy for some disease, or as a medical agent in the treatment thereof. To use for medical purposes is to use for the cure or alleviation of some bodily disorder." Appellant insists that under this instruction liquors can only be lawfully purchased for medical use when the one for whose use it is purchased has in fact an ailment for the alleviation or cure of which it is purchased, and that if an ailment does not in fact exist the purchase is unlawful, however honest the belief and purpose of the purchaser. We do not think the instruction

is susceptible of this construction. It does not say that an ailment must actually exist, but that the purchase must be made to use as a remedy for disease. The jury was not required to find that, in the case of each of said purchases, the purchaser was in fact suffering from a disease or ailment, but simply that he, in good faith, made the purchase for medical purposes. Following what we have quoted above, it is said in this instruction: "To use as a beverage is to use as a drink." Appellant objects to this definition of the term "beverage," and insists that the term "drink" is swallowing or imbibing of the liquid for any purpose, and that liquor taken as a medicine may be taken by drinking, the same as if taken as a beverage. The instruction taken in its connections could not have been understood as meaning that the liquor was used as a beverage merely because it was taken into the system by drinking the same. Following what we have quoted it is said: "It will be seen, therefore, that when liquor is not used with intent to either, cure, treat, or alleviate some bodily disorder or disease, it is not used for medical purposes." The jury must have understood that to use as a drink, as distinguished from use as a medicine, was to use as a beverage.

V. The second paragraph of the charge is as follows: "Under the laws of this state, whoever establishes or uses any building as a place for selling or keeping for sale intoxicating liquor in violation of law is guilty of the crime of nuisance, and proof of a single sale in a building so used for that purpose by the party making the sale will warrant a conviction of this crime." Appellant contends that under this instruction proof of a single sale, whether it be lawful or unlawful, will warrant a conviction; but not so, as the single sale referred to in the instruction has reference to a sale

"in violation of law." If any doubt might arise upon the language of this instruction taken alone, it is made entirely clear, by all the instructions taken together, that to convict there must have been one or more sales in violation of law.

VI.    Section 8, chapter 66, Acts Twenty-first General Assembly, in force when this case was tried, provided that "proof of actual sale shall be presumptive evidence of illegal sale," and the court so instructed. This presumption is changed by section 2427 of the present Code.  Appellant insists that it being conceded that he held a permit, and that he took requests in form and substance as prescribed, and made the reports required, the presumption of illegal sale was thereby overcome, and the presumption that the sales were legal thereby arose.  The complaint is that the court did not instruct as to the presumption arising from the permit, requests, and returns.  The permit showed authority to sell as authorized by law, and the requests tend to prove that these sales were legal.  To rebut this evidence the state introduced proofs tending to show that certain of these purchasers were in the habit of using intoxicating liquors as a beverage, and it was upon this evidence, and the frequency and amount of the sales to these individuals, that the state relied.  This being the state of the evidence the court instructed as follows:  "(15) In determining whether the law has been violated by the defendant in selling intoxicating liquors, you may take into consideration the applications indorsed by him and offered in evidence; the habits of the purchaser with reference to the use of intoxicating liquors; the frequency of such applications; the amount of liquor purchased by any one person; whether or not the applications for liquors were accompanied with a physician's prescription therefor; and from these matters,

so far as they appear in the evidence, and all other matters throwing light thereon, determine whether the defendant violated the law by selling intoxicating liquors in a building used by him for that purpose." By this instruction appellant was given the full benefit of the requests as evidence tending to show that the sales were legal.

VII. The court told the jury that "the statutes of the state especially direct that you should so construe the law as to prevent its evasion, and no device, art, or contrivance can avail the defendant, if you find there was a substantial violation of the law." Appellant contends that this left the jury to place its own construction upon the law as given in the instructions. Section 1554 of the Code is as follows: "Courts and jurors shall construe this chapter so as to prevent evasion and so as to cover the act of giving as well as selling by persons not authorized." Neither this statute nor the instruction authorized the jury to hold the law to be other than as given in the instructions, and the effect of both is to require the jury to apply the law as thus given so as to prevent evasions. The instruction is in harmony with the statute.

VIII. Appellant's last contention is that the evidence is insufficient to sustain the verdict. It is insisted that the evidence is undisputed that in each instance the purchaser wanted the liquors for medicine, and that there is no evidence that the seller acted in bad faith in making any of said sales. We will not set out nor discuss the evidence upon this subject at length. It is sufficient to say, as already intimated, that, in our opinion, the jury was fully warranted in finding that several of said purchasers were persons in the habit of using intoxicating liquors as a beverage, and that the purchases were for that purpose. As we have seen in the seventh instruction, the

jury was told that "the holder of a permit must personally know that the person applying for liquors is not a minor, nor in the habit of using intoxicating liquors as a beverage, before he has a right to sell the same." The correctness of this statement of the law is not questioned, but, if it were not so required, we think that under the evidence the jury might well have found that as to some of these purchasers the defendant had reason to believe that they were in the habit of using intoxicating liquors as a beverage, and that their purchases were for that purpose. In examining this case we have kept in view the right of permit holders to the protection which the law contemplates, but upon the entire record we are led to the conclusion that the judgment of the district court should be AFFIRMED.