## STATE v. MIKE DOMBROSKI.[1]

March 26, 1920.

No. 21,744.

**Rape — feeble minded minor.**

1. An act of carnal intercourse with a female of the age of ten years or upwards, when by reason of idiocy, imbecility, or unsoundness of mind she in incapable of giving her consent, constitutes the crime of rape under G. S. 1913, subd. 1, § 8655, whether the person so committing the act knew of her mental deficiency or not.

**Same — knowledge of prisoner.**

2. The person having relations of the kind with a female so mentally defective must know at his peril her state of mind in that respect.

**Same — construction of statute.**

3. The statute includes females who, by reason of mental unsoundness, are so far deprived of the power to form or entertain an intelligent opinion upon the subject, of realizing the nature and moral wrong of the act, and the possible consequences thereof to them.

Defendant was indicted by the grand jury of St. Louis county charged with the crime of rape, tried in the district court for that county before Hughes, J., and a jury, and found guilty of the crime charged in the indictment. Defendant's motion for a new trial was denied, and judgment entered in accordance with the verdict and sentence. At the request of defendant the case was certified to the supreme court. Affirmed.

*Alger R. Syme,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *Warren E. Greene,* County Attorney, and *E. L. Boyle,* Assistant County Attorney, for respondent.

BROWN, C. J.

Defendant was convicted in the district court of St. Louis county of

[1] Reported in 176 N. W. 985.

the crime of rape and at his instance the cause was certified to this court for the determination of certain questions of law.

The indictment was found under the provisions of section 8655, subd. 1, G. S. 1913, wherein it is provided that any person who shall perpetrate an act of carnal intercourse with a female of ten years or upwards, not his wife, when through idiocy, imbecility or unsoundness of mind she is incapable of giving her consent, shall be guilty of the crime of rape and punished accordingly. At the trial the court instructed the jury that it was not necessary, in order to justify a conviction under the statute, that the prosecution affirmatively show that defendant at the time of committing the act knew that complainant was of unsound mind. The correctness of that instruction, which was duly excepted to by defendant, presents the principal question certified to this court.

At common law knowledge of the criminality of an act and evil intent in committing it were essential elements of all crimes, and without a showing thereof directly or by facts creating a necessary inference of their existence no conviction could be had. Clark and Marshall, Crimes, § 55. But the rule of the common law on the subject is not in force in this state, for, as in other jurisdictions, we recognize the power and authority of the legislature in declaring what act or acts shall constitute a crime, to make those elements essential to a particular crime, or dispense therewith as may be deemed expedient and best suited to the prevention of crime and disorder. And a statute by which such elements are so dispensed with must be given force and effect by the courts. State v. Shevlin-Carpenter Co. 99 Minn. 158, 108 N. W. 935, 9 Ann. Cas. 634; Shevlin-Carpenter Co. v. Minnesota, 218 U. S. 57, 30 Sup. Ct. 663, 54 L. ed. 930; State v. Moilen, 140 Minn. 112, 167 N. W. 345, 1 L.R.A. 331; People v. Werner, 174 N. Y. 132, 66 N. E. 667; State v. McBrayer, 98 N. C. 619, 2 S. E. 755; 16 C. J. 76; 8 R. C. L. 62, and authorities there cited. The determination of the question here presented is therefore controlled by the provisions of our statute on the subject and not by the rules of the common law. So considering the matter we have no particular difficulty in concurring in the view taken by the learned trial court.

Subdivision 1 of section 8655, upon which the prosecution rests, declares in plain and unambiguous language, that whoever has carnal

intercourse with a female so devoid of mental powers, as to be incapable of rational consent thereto shall be guilty of rape; it is positive in its terms and unqualifiedly prohibits an act of the kind. It does not make knowledge by the accused of the defective mental condition of the female an element of the crime, and, construed in the light of subdivisions 4 and 5 of the same section, it is clear that the legislature did not intend to make that a necessary ingredient thereof. Subdivision 4 treats of such an act with a female while under stupor from liquor or narcotics administered to her by or with the privity of the accused; subdivision 5 expressly makes knowledge by the accused of the unconsciousness of the female an essential to a conviction. By thus making knowledge and intent necessary elements as to those subdivisions, and omitting it from subdivision 1, the legislature must be deemed to have deliberately made the distinction, and for reasons deemed by it satisfactory. We need not go into that field in inquiry. The result stated seems clear, and it accords with the rule of construction followed in other statutory crimes. It is consistent and in harmony with the rule applied in prosecutions involving the age of the complainant, under which practically all the courts held that the honest belief of the accused that she had reached the age of consent when in fact she had not, constitutes no defense, 22 R. C. L. 1193; Commonwealth v. Murphy, 165 Mass. 66, 42 N. E. 504, 30 L.R.A. 734, 52 Am. St. 496; Brown v. State, Penniwill (Del.) 159, 74 Atl. 836, 25 L.R.A.(N.S.) 661, and note. It also harmonizes with the authorities holding to the rule that, in the absence of statute otherwise providing, sales of liquor to prohibited persons—minors, habitual drunkards and intemperate persons, constitute a violation of the law without regard to the personal knowledge of the person making the sale as to their age or habits. In such cases the seller is bound to know at his peril whether a sale may lawfully be made to the particular person. State v. Heck, 23 Minn. 549; State v. Skillicorn, 104 Iowa, 97, 73 N. W. 503; Commonwealth v. Zelt, 138 Pa. St. 615, 21 Atl. 7, 11 L.R.A. 602; 22 R. C. L. 1193. Upon the precise point here presented the courts are not agreed. People v. Griffin, 117 Cal. 583, 49 Pac. 711, 59 Am. Rep. 216; Adams v. State, 5 Okl. Cr. 347, 114 Pac. 347; State v. Cunningham, 100 Mo. 383, 12 S. W. 376, and other citations found in the note to State v. Helderle, L.R.A. 1916F, at page 746.

Whether the difference in the views of the courts is founded upon statutory provisions or in respect to the application and scope of rules of the common law, we do not stop to inquire. Our decision is predicated upon the statutes of this state which, in our judgment, clearly eliminate the element of knowledge and intent as to the particular crime. We therefore sustain the instructions of the trial court.

2. The other question certified does not require extended discussion. It has reference to the instructions of the court upon the subject of the extent of imbecility or unsoundness of mind on the part of the female necessary to render her legally incapable of consenting to an act of the kind. We think the statute should be construed to include all females who, by reason of mental unsoundness, are so far deprived of the power to form or entertain an intelligent opinion on the subject, of realizing the nature and moral wrong of the act, and the possible consequences thereof to them. The law is designed to protect those thus mentally deficient and should be construed with liberality to that end. The instructions of the court were within this view of the statute and therefore correct. State v. Warren, 232 Mo. 185, 134 S. W. 522, Ann. Cas. 1912B, 1043, and note.

The questions certified are answered accordingly and the cause remanded for further proceedings.