## STATE v. FRANK PROKOSCH.[1]

April 28, 1922.

No. 22,884.

**Conviction sustained by evidence.**

1. In a prosecution for rape committed upon an alleged feeble minded female the evidence is *held* to support the verdict of guilty.

**Witness—mental competency is question of law for trial court.**

2. The question of the mental competency of a witness is ordinarily determined by such preliminary examination of the proposed witness

[1]Reported in 187 N. W. 971.

as the court deems necessary, or from scrutiny or observation of his condition, conduct and appearance when called to the witness stand; the question of competency is one of law for the trial court.

**Complaining witness competent.**

3. There was no error in holding complainant a competent witness in this case.

**Case followed.**

4. State v. Dombroski, 145 Minn. 278, to the effect that ignorance of the mental weakness of the female violated constitutes no defense, followed and applied.

**Admission and exclusion of evidence.**

5. The record presents no error in the rulings on the admissions or exclusion of evidence or otherwise.

Defendant was indicted by the grand jury of Brown county, charged with the crime of rape, tried in the district court for that county before Olsen, J., and found guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Mueller & Streissguth*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Assistant Attorney General, and *W. T. Eckstein*, County Attorney, for respondent.

BROWN, C. J.

Defendant was indicted and on trial convicted of the crime of rape upon a female of unsound and feeble mind. He appealed from an order denying a new trial.

The record presents the questions: (1) Whether the evidence is sufficient to justify the conviction; (2) whether there was error in the admission or exclusion of evidence or in the instructions to the jury, and (3) whether there was misconduct on the part of the prosecuting attorney prejudicial to the rights of defendant.

It appears that, at the time charged in the indictment, complainant was of the age of 22 years and an inmate of the State School for Feeble Minded at Faribault. She had been committed to the

school at the age of 11 years as a feeble minded child and there-
after continuously remained an inmate and in the custody and care
of those in charge of that institution. At the time of the trans-
action here involved she was at the home of her father under tem-
porary leave of absence, her custody being given to him for the
period covered by the holiday season of 1920-1921, when she was to
be returned to the school. She was returned in due season and
some time later was by the school attendants discovered to be preg-
nant, subsequently in due course of nature being delivered of a fully
developed child. Complainant is still an inmate of the school.

1. The question whether the evidence supports the verdict of
guilty involves two considerations, namely, whether defendant had
illicit relations with complainant as charged in the indictment, and
whether complainant was so mentally deficient as to be incapable
under the law of consenting thereto, there being no claim by the
state that she resisted or in any way attempted to prevent the act.
The questions do not call for extended discussion. That complain-
ant had illicit relations with some man at about the time charged in
the indictment is not questioned, the evidence of pregnancy and birth
of a child being conclusive of that fact. Complainant testified
directly that she had such relations with three different men during
her visit at home on the occasion stated, defendant being named as
one of them. Her testimony on the subject was clear and without
hesitation and given in a manner to commend it as the truth, at
least to make the question of her credibility one of fact for the jury.

Complainant is not an imbecile, wholly deficient in mental equip-
ment; on the contrary, disclosed an intelligence, though simple, to
justify the conclusion that she understood and comprehended the
nature of the act charged, yet not sufficient to require a holding as
a matter of law that she understood and appreciated the moral
wrong or the natural consequences to flow therefrom. She was
classed by an expert psychologist, a witness for the state, as a
moron, and to possess the mentality of a child about the age of 8
years. She was before the court and jury at the trial, thus afford-
ing an opportunity of judging with some degree of accuracy her
mental strength, and whether of such deficiency or weakness to ex-

pose those tampering with her, those taking advantage of her weakness even with her consent, to the punishment imposed by law in such case. Under the rule stated and applied in State v. Dombroski, 145 Minn. 278, 176 N. W. 985, the question was one of fact, and we find no reason from the record for disapproving the verdict.

2. We find no error in the rulings of the trial court or in the instructions to the jury. The objection interposed by defendant to the mental competency of complainant as a witness was properly overruled. The question of the competency of a witness when challenged on the ground of unsoundness of mind or other like reasons, is one of law for the trial court. It ordinarily is determined by such preliminary examination of the proposed witness as may be deemed necessary for the purpose, or from a scrutiny and observation of his condition, conduct and appearance when called to the stand to testify. The fact in this case that the indictment alleged that complainant was of unsound mind is not to be taken as evidence of total incompetency on her part. She was not an idiot nor an imbecile possessing no element of human intelligence, and, from her testimony, as it appears in the record, we conclude that she was at least of the intellect of the average child of 8 to 10 years, capable of receiving impressions of facts coming directly to her mind, and of recalling and truthfully relating such events as those shown at bar, in which she was a conspicuous factor, though not of the moral power of resistance. She was a competent witness. Cannady v. Lynch, 27 Minn. 435, 8 N. W. 164; G. S. 1913, subd. 6, § 8375.

There was no error in the instructions of the court to the effect that lack of knowledge on the part of defendant of the mental condition of complainant constitutes no defense in such cases. State v. Dombroski, 145 Minn. 278, 176 N. W. 985. The suggestions of counsel that the rule is a harsh one and should not be too liberally applied, else injustice may result, are disposed of by the case cited. But, aside from the rule, it seems incredible in the case at bar that a person of the apparent intelligence of defendant could for several hours be the sole companion of a young woman on leave of absence from an imbecile asylum, where she had been confined for 10 years, though he did not know thereof, and not discover her mental con-

dition. It is possible that defendant did not discover it, but that constitutes no excuse for debauching her, even with her consent.

The other errors complained of do not require special mention. The evidence offered by defendant to discredit the father of complainant was properly excluded. The father was not a witness in the case. And whether he was chargeable with misconduct toward complainant in no way affects the case as between the state and defendant. It was immaterial who was the father of complainant's child, and the trial court was right in confining the trial to the issues affecting defendant.

3. The alleged misconduct of the county attorney on the trial of the case consisted in frequent reference to the marriage of defendant with the 14 year old daughter of the half-sister of complainant. In disposing of the point it is sufficient to say that the fact of the marriage was brought out by defendant, not by the county attorney and thus made a proper subject of comment on the trial and the comments complained of were clearly not prejudicial.

This covers all assignments of error requiring special mention. All others have been considered with the result that no error appears. There was a full and fair trial; the evidence supports the verdict, and, since the record presents no error, the order appealed from must be and is affirmed.

It is so ordered.