The People of Puerto Rico, Plaintiff and Appellee, *v.*
Félix Nieves Marzán, Defendant and Appellant.

No. 5395.   Argued November 23, 1934.—Decided February 20, 1935.

*Armando A. Miranda* for appellant.   *R. A. Gómez, Prosecuting At-
torney,* and *Luis Janer, Assistant Prosecuting Attorney,* for ap-
pellee.

Mr. Justice Wolf delivered the opinion of the court.

Too often we have told counsel that a statement of
the case is necessary to a brief; that merely telling of the

presentation of the information or its contents and the fact of the trial and subsequent judgment was not enough. We ourselves, in various cases, civil and criminal, have briefly narrated the essential facts that should have been spread out in a brief. Similar comments we made in *People* v. *Benitez,* 47 P.R.R. 74. We shall consider the more important matters.

■ Appellant, convicted of rape, contends that if Maximina Ríos, the prosecuting witness, was so feeble-minded that defendant's intercourse with her could not be considered to be done with her consent then, by the same token, she ought not to have been permitted to testify against him. If appellant was right, allowing the prosecuting witness to take the stand would be fundamental error. The general subject matter has been covered by our opinion in *People* v. *Frese,* 46 P.R.R. 414, as well as in the opinion of the court below and the brief of the *Fiscal.* See especially 26 A.L.R. 1502, *et seq.* The principle is that the woman may testify just as a young child might, provided in either case sufficient intelligence was displayed.

Dr. Rodríguez testified in effect, that her psychical development was such that she could not be conscious of the nature of the act or its moral implications, but that she did have the intelligence of a child of eight years.

The court made a preliminary examination of her intelligence. She met the test very well and both here and at the trial she showed sufficient acumen, memory, and powers of identification to qualify as a witness. Various men were charged with having connection with her one after the other. She noted them all and was able to tell the order in which they approached her in addition to being able to describe where she lived and her relations to her family and especially to one of the witnesses. We find no error in admitting her testimony. This covers the second and third assignments of error.

■ The appellant complains in his fourth assignment that the court erred in overruling the motion for a nonsuit. As no details are given the assignment is totally insufficient. The principal matter treated was the lack of corroboration of the prosecuting witness, and of Gerónimo Samó, alleged accomplice who testified in her favor.

■ Maximina Ríos was corroborated by the state of her clothes testified to by two witnesses and her telling to them at the earliest opportunity what had happened to her. *People* v. *Vázquez,* 40 P.R.R. 245; *People* v. *Arenas,* 39 P.R.R. 14.

■ Gerónimo Samó was one of the men who had intercourse with Maximina Ríos. He testified that he was going to obtain permission from her brother to take Maximina to live with him. On the road they met four other men and they all had carnal communication with her. Gerónimo Samó testified that he was compelled to have this relation by the threat of a pistol and a black-jack.

The *Fiscal* says that each of the men committed an independent act of rape, and that at best Gerónimo Samó was not an accomplice in the act committed by each of the others. There is merit in the contention, but we have a doubt. If the five men combined to take possession of a woman, each one might be considered as aiding and abetting the others. Perhaps a request for an instruction would have clarified the doubt.

It is clear, however, that if Gerónimo was compelled by the threat of a pistol and a black-jack, then he was in no sense an accomplice. If the jury believed him the matter could have been covered by an appropriate instruction.

Furthermore, as the *Fiscal* in part suggests, if the testimony of Maximina Ríos was sufficiently corroborated, as it evidently was, then the testimony was corroborative for Gerónimo Samó. And he for her too. Again, instructions could have overcome any possible difficulty.

■ We might inquire too, without deciding, if the testimony of Maximina Ríos and Gerónimo Samó stood alone as

tending to convict appellant, whether each might not be considered as corroborating the other. It seems to us that in each case the question of the sufficiency of the corroboration might be submitted to the jury.

■ Assignments of error were presented both because the court refused to give certain prayers and for certain instructions given. We find no error. Most of the refused prayers were either covered by the general instructions or were properly denied.

■ As to the instructions given, no opportunity to correct was given the court. *People* v. *Mercado,* 46 P.R.R. 147; *People* v. *Maldonado,* 45 P.R.R. 405; *People* v. *Márquez,* 45 P.R.R. 322; *People* v. *Gutiérrez,* 44 P.R.R. 27; *People* v. *Macaya,* 43 P.R.R. 595; *People* v. *Varela,* 42 P.R.R. 792.

■ With the *Fiscal* we may comment on one matter of sufficient importance, namely, whether it should be shown that defendant knew the mental state of Maximina Ríos. We agree that in Puerto Rico, under the statute, it is unnecessary to know this mental element. The statute does not prescribe it but among other acts makes it rape to have intercourse with a female "where she is incapable, through lunacy or other unsoundness of mind, whether temporary or permanent, of giving legal consent." The most analogous case is *State* v. *Prokosch,* (1922) (Minn.) 187 N. W. 971.

It is true that the information set up the mental element but we agree with the *Fiscal* that this was surplusage.

We find no error and the judgment should be affirmed.