STATE OF MINNESOTA *vs.* ELIJAH S. WEST.

November 2, 1888.

**Indecent Assault—Child under 10 Years of Age—Consent.**—Under section 245 of the Penal Code, the taking of indecent liberties with or on the person of a female child under the age of 10 years, without regard to whether she consents to the same or not, constitutes an assault.

**Same—Conviction for Less Offence Included in That Charged.**—Under an indictment for an assault with intent to carnally know and abuse the child, the defendant may be convicted of taking indecent liberties with her person, if within the allegations of the indictment.

**Same—Verdict.**—A verdict of "guilty of an indecent assault" sufficiently describes the offence.

Case certified from the district court for Hennepin county, *Hicks,* J., presiding.

*Moses E. Clapp,* Attorney General, and *F. F. Davis,* for the State.

*C. F. Baxter,* for defendant.

MITCHELL, J.  This case is certified to this court for its opinion upon two questions of law:  *First,* whether, under an indictment for an assault upon a female under the age of 10 years, with intent to carnally know and abuse her, if the intent alleged be not proved, the defendant may be convicted, under section 245 of the Penal Code, of taking indecent liberties with the person of the child; and, if so, *second,* whether a verdict of "guilty of an indecent assault" sufficiently describes the offence.  No question is raised as to whether an indictment will lie for an assault with intent to carnally abuse a female under the age of 10 years, nor as to the form of the allegations of the indictment in the present case.  The point made is that in no case under an indictment for assault with intent to ravish or carnally abuse can a defendant be convicted, under section 245, of taking indecent liberties with the person of the female, the latter being, as is contended, a separate and independent crime—not a part of or included in the crime charged.  The last clause of section 19, *c.* 114, Gen. St. 1878, provides that "in all other cases [those not within the preced-

ing provisions of the section] the defendant may be found guilty of any offence the commission of which is necessarily included in that with which he is charged in the indictment." This provision, which is but declaratory of the common law, is not repealed by the Penal Code. There can be no question, therefore, but that, under an indictment for an assault with intent to commit a crime, the defendant may be convicted of an assault (if within the allegations of the indictment) because necessarily included in the crime charged.

Section 245 of the Penal Code, which is entitled "Indecent Assault," provides that "a person who takes any indecent liberties with or on the person of any female, not a public prostitute, without her consent expressly given, and which acts do not in law amount to a rape, an attempt to commit a rape, or an assault with intent to commit a rape, or any person who takes such indecent liberties with or on the person of any female child under the age of ten years, without regard to whether she consents to the same or not, is guilty of a felony." The taking of indecent liberties with the person of a female without her consent would at common law amount to an assault. In view of the aggravated nature of such an assault, the evident intention of the legislature was to raise it from the rank of misdemeanor to that of felony, so that it might be more severely punished. And, as by another statute a female under the age of 10 years was incapable of consenting to carnal intercourse, or at least her consent void, so by this section the incipient advances, in the way of indecent liberties with her person, are placed on the same footing as the principal crime. What in the case of a female over the age of 10 would amount to an assault because done without her consent, would, in the case of a child under that age, in any case be an assault, because she is deemed incapable of consent, and therefore the act must, in contemplation of law, be deemed as done without her consent. So, although the legislature have not in the body of the act given the crime a distinctive name, they have in the title designated it an "indecent assault." If an indictment charged a defendant with taking indecent liberties with the person of a female under 10 years, with intent to carnally know and abuse her, we think clearly this would amount to a charge of an assault with the intent alleged. If so, then

it would seem to follow that, under an indictment for an assault with intent to carnally know and abuse her, the defendant might be convicted of taking indecent liberties with or on her person, if within the allegations of the indictment.

The second point raised is that the verdict does not state any crime known to the law; that the words "indecent assault" are no part of the statute, but merely "catch words." We think this objection is not well taken. The crime as defined by the statute is, in its legal tenor and import, an indecent assault. "Indecent liberties" with or on the person of a female without her consent, and an "indecent assault" upon her, are in effect convertible expressions. The term "indecent assault" is but the statutory definition of the crime epitomized.

Judgment affirmed.