## STATE v. CYRIL S. GLAUM.[1]

### October 6, 1922.

### No. 23,103.

Indictment sufficient.

    1. An accused may be convicted of indecent assault under an indictment charging an assault with intent to ravish and carnally know the prosecutrix.

Conviction sustained.

    2. Testimony considered and *held* sufficient to support a conviction of indecent assault.

[1]Reported in 190 N. W. 71.

No error.

3. Record examined and found to contain no reversible error.

Defendant was indicted by the grand jury of Becker county charged with the crime of assault in the second degree, tried in the district court for that county before Parsons, J., and a jury, which returned a verdict of guilty of the crime of indecent assault. At the trial defendant's objection to the introduction of any evidence under the indictment for the reasons that it did not charge an offense under the statute or a public offense under any of the state laws, was overruled. Defendant's motion for a new trial was denied. From the judgment and order denying his motion for a new trial, defendant appealed. Affirmed.

*Johnston & Carman,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *A. O. Sletvold,* County Attorney, for respondent.

QUINN, J.

The prosecutrix is unmarried, 24 years of age and of good repute. Defendant is 25 years of age and has resided in Becker county during his entire life. The indictment charges that the defendant did unlawfully and feloniously assault the prosecutrix, a female over the age of 18 years, not the wife of the accused, with intent then and there feloniously by force and against her will to carnally know and ravish her. The cause was tried to a jury, and a verdict of guilty of the crime of indecent assault was returned. From a judgment entered upon the verdict defendant appeals.

Section 8632, G. S. 1913, provides that any person who "shall assault another with intent to commit a felony, * * * shall be guilty of an assault in the second degree and be punished by imprisonment in the state prison for not more than five years," etc. Section 8663 provides that "every person who shall take any indecent liberties with or on the person of any female, not a public prostitute, without her consent expressly given, and which acts do not in law amount to rape, an attempt to commit a rape, or an as-

sault with intent to commit a rape, * * * shall be guilty of a felony."

In order to convict on a charge of an assault with intent to commit rape, the evidence must show, not only an assault, but it must show that the accused intended to gratify his passion on the person assaulted, and that he intended to do so at all events, notwithstanding any resistance on her part. If the acts and conduct of the accused were such as would amount to the taking of indecent liberties with or on the person of the female assaulted, but not such as to constitute the substantive offense charged, he may be properly convicted of indecent assault. An indecent assault has many elements of an assault with intent to commit rape, but falls short of the latter in that there is no intent to commit the graver offense. An indecent assault consists in the act of a male person taking indecent liberties with or on the person of a female, or fondling her in a lewd and lascivious manner without her consent and against her will, but with no intent to commit the crime of rape. 2 R. C. L. § 26, p. 547.

The present indictment charges that the defendant did feloniously assault the prosecutrix with intent to carnally know her. If the evidence as to the overt acts is sufficient, he may be convicted of indecent assault under the provisions of section 9213, G. S. 1913, which provides that an accused may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment. The offense charged includes an unlawful assault with the purpose of carnally knowing her, which, if true, amounts to the taking of indecent liberties with her person. State v. West, 39 Minn. 321, 40 N. W. 249. The testimony is amply sufficient to support the verdict and the record presents no reversible error.

Judgment affirmed.