## STATE v. J. M. BATES.[1]

June 15, 1923.

No. 23,365.

**Intent need not be proven under indictment for sale of mortgaged property.**

1. Under an indictment charging the mortgagor with selling the personal property mortgaged without the written consent of the mortgagee and without informing the purchaser of the existence of the mortgage, intent is not an ingredient of the offense.

**Accused not entitled to requested instruction.**

2. Defendant was not entitled to an instruction directing the jury to acquit if the mortgagee verbally or by acquiescence consented to a sale of the property, for he had violated the statute if he failed to inform the purchaser of the unpaid mortgage as charged in the indictment.

**No error.**

3. The record discloses no error.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of selling mortgaged property without the written consent of the mortgagee, tried in the district court for that county before Waite, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*O. J. Erstgaard* and *Oliver Gorden*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Assistant Attorney General, and *Floyd B. Olson*, County Attorney, for respondent.

HOLT, J.

Defendant appeals from a conviction under an indictment charging him with selling a mortgaged automobile without the written

[1]Reported in 194 N. W. 107.

consent of the mortgagee and without informing the purchaser of the fact that it was subject to an unpaid mortgage.

Without dispute it appears that defendant gave to P. J. Wikeen a chattel mortgage upon a Buick automobile to secure the payment of his promissory note for $750; and that subsequently defendant disposed of the car to one Peterson without informing him of the mortgage and without having the written consent of the mortgagee. Defendant in his testimony made certain claims to the effect that the mortgage was not delivered; that the mortgagee's name was left in blank; that it was made to secure an obligation of the mortgagee or of the corporation he was interested in; that it was in fact without consideration, and that it was not a valid mortgage. Some of the claims had little bearing on the real issues in the case; those at all material were submitted to the jury in a very lucid and terse charge.

The main basis for asking a new trial is that the court instructed the jury that an intent to defraud was not an ingredient of the crime charged. The statute which defendant was accused of violating reads: "Every person who, with intent to place mortgaged personal property beyond the reach of the mortgagee or his assigns, shall remove or conceal, or aid or abet in removing or concealing any such property, and any mortgagor of such property who shall assent to or knowingly suffer such removal or concealment, or at any time before the debt secured by a chattel mortgage has been fully paid, shall sell, convey or in any manner dispose of the personal property so mortgaged, or any part thereof, without the written consent of the mortgagee or his assigns, or without informing the person to whom he shall sell, convey, or dispose of the same, that it is mortgaged, and the true amount then due on the debt secured by such mortgage, shall be punished," etc. Section 8907, G. S. 1913.

The offense is one created by statute. It is well established that as to such offenses an evil intent need not be proven unless the statute makes intent an ingredient of the offense. State v. Dombroski, 145 Minn. 278, 176 N. W. 985; 1 Dunnell, Minn. Dig. § 2409. State v. Ruhnke, 27 Minn. 309, 7 N. W. 264, is cited by appellant, but that was a prosecution under section 14, c. 39, G. S. 1873, which made

the intent to defraud an ingredient of the crime therein defined. In section 453 of the Penal Code concealing mortgaged personal property was made an offense when done with intent to place the same beyond the reach of the mortgagee or his assigns, and in section 454 thereof the selling of such property without the written consent of the mortgagee or his assigns, or without informing the person to whom he sells that it is mortgaged, is defined as a crime. But in the section last mentioned there is no reference to intent to defraud either the mortgagee or purchaser. In G. S. 1894 these sections were numbered 6749 and 6750. In the Revision of 1905 the two sections were consolidated into one, and is section 8907, G. S. 1913. With this history of the law, showing that the acts of which defendant is accused bring his offense clearly within that part of section 8907, G. S. 1913, formerly embodied in section 6750, G. S. 1894, and which does not name intent to defraud a constituent of the crime, we must conclude that the learned trial court was right when so advising the jury. This appears to be the construction placed upon a statute worded somewhat similar to our own by the California courts. People v. Wolfrom, 15 Cal. App. 732, 115 Pac. 1088; People v. Iden, 24 Cal. App. 627, 142 Pac. 117. In both cases the supreme court refused to review the ruling.

That the indictment unnecessarily charged a wrongful intent to place the mortgaged property beyond the reach of the mortgagee does require the state to prove or the jury to find what is not designated as a constituent part of the offense.

Error is assigned upon refusal to give this request: "Even though you find that said mortgage was valid and binding if afterwards the mortgagee verbally consented to the sale of said automobile to the Manillo Chemical Company or afterwards obtained knowledge of said sale and acquiesced therein, if he accepted a consideration for said sale, then the defendant cannot be convicted on this charge." We find in the record certain vague claims made by defendant touching matters embodied in the request; but even so, defendant was not entitled to an instruction wholly ignoring that part of the indictment and of the proof which accused him of having failed to inform Mr. Peterson, to whom the automobile was sold, of the existence of the unpaid mortgage.

Sometimes jurors are cautioned not to let the fact that an indictment has been found prejudice a defendant, but it would hardly seem reversible error to refuse this requested instruction: "The fact that an indictment has been returned should not be considered by you as evidence to show guilt." Other questions presented by the appeal have been examined, but are not of a character requiring discussion.

The order is affirmed.