## STATE v. DARRELL ROY WEIGOLD.

160 N. W. (2d) 577.

July 26, 1968—No. 40,114.

*C. Paul Jones,* State Public Defender, and *Bruce D. Willis,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

OTIS, JUSTICE.

Defendant was charged with indecent assault, Minn. St. 617.08, waived a jury trial, and appeals from a conviction for which he received a 5-year sentence. There are six issues raised: (1) The sufficiency of the evidence

to sustain the conviction; (2) the admissibility of testimony relating the version of the crime given by the victim to her mother; (3) the propriety of granting a motion to clear the courtroom; (4) the validity of the statute defining indecent assault; (5) the propriety of accepting a plea of *not guilty*; and (6) the adequacy of counsel for defendant.

■ The prosecutrix testified that on February 17, 1965, she met defendant at a bar on South Eighth Street in downtown Minneapolis and permitted him to buy her a drink. At 11 p. m., as she was about to leave the bar, defendant offered to walk with her to her car which was parked several blocks away. When they arrived at the car, defendant asked complainant for a ride back to the bar and she consented. Once in the automobile, defendant made advances which complainant resisted. He pushed her down on the seat and put his hand under her dress. She then attempted to protect herself by sounding the horn with her foot. Thereupon defendant broke the horn rim away from the steering wheel. Defendant then stated he would drive back to the bar but instead took the complainant to Nicollet Island where he parked the car. There he again forcibly and violently pushed her down on the front seat, hit her over the eye, slapped her, removed her undergarments, and sexually assaulted her. He then drove back to the bar, and the complainant drove home. She promptly reported the incident to her mother. The mother testified that her daughter's underclothing was torn, and that blood and bruises were revealed when she disrobed. The next day the police were notified and complainant was examined by a doctor.

The doctor testified that his examination revealed scratches on the inside of complainant's wrists, a bruise on her forehead approximately 1½ inches in diameter and raised ⅛ of an inch, bruises inside of both thighs, a recent tear of the hymenal ring, and other injuries from which the doctor concluded that the complainant had been sexually attacked within the previous 48 hours. Defendant testified on his own behalf and admitted having intercourse with complainant, but asserted it was with her consent and without any force on his part. We hold that in this state of the record there was ample evidence from which the trial court could find the defendant guilty.

■ Defendant argues that at least 30 or 40 minutes elapsed between the time the offense was committed and the time the complainant recited her version of the crime to her mother. Under such circumstances, he contends that the mother's testimony was not admissible as part of the res gestae, citing as authority State v. Alton, 105 Minn. 410, 417, 117 N. W. 617, 620. We have examined the record and find that the testimony of the mother merely corroborated her daughter's, and did not include any facts which complainant had not already recited. Hence, even if the testimony is not a part of the res gestae, it is admissible in a prosecution for indecent assault or rape. State v. Toth, 214 Minn. 147, 150, 7 N. W. (2d) 322, 324.

■ After complainant, her mother, and her doctor had all testified, and while a detective in the Minneapolis Police Department was on the stand, the prosecutor moved the court for an order clearing the courtroom of anyone not directly interested in the proceedings. An objection on the part of defendant's counsel was thereupon sustained. Shortly thereafter, while another detective was testifying, the prosecutor made the same motion, to which defendant's counsel stated, "I have no objection to this." The bailiff then removed everyone who had no part in the case.

Defendant now complains that he was deprived of his constitutional right to a public trial, citing State v. Schmit, 273 Minn. 78, 139 N. W. (2d) 800. In the Schmit case defendant persisted in his objection to having the courtroom cleared, and it is therefore not authority for prohibiting such action where, as here, the defendant consents. See, State ex rel. Baker v. Utecht, 221 Minn. 145, 152, 21 N. W. (2d) 328, 332. It is not necessary, as defendant claims, that he himself expressly consent to clearing the courtroom. Brookhart v. Janis, 384 U. S. 1, 86 S. Ct. 1245, 16 L. ed. (2d) 314. This is a procedural matter concerning which counsel has implied authority to speak on behalf of his client.

■ It is the contention of defendant that Minn. St. 617.08, defining indecent assault, is unconstitutionally vague. The pertinent parts of that statute are as follows:

"Every person who shall take any indecent liberties with or on the person of any female, not a public prostitute, without her consent expressly given, and which acts do not in law amount to rape, an attempt

to commit a rape, or an assault with intent to commit a rape, * * * shall be guilty of a felony."

Defendant argues: "Read literally, this statute makes criminals of the overwhelming majority of adult males in Minnesota, for it comprehends not only sexual intercourse, but also includes other intimate contacts as well." According to defendant, the statute could well apply to relations between husband and wife since married couples are not expressly excepted from the statute. We find no merit in these arguments. What constitutes "indecent liberties" has been defined so often we do not find it necessary to elaborate beyond holding that the acts described by complainant constituted indecent assault under any definition of that crime. State v. Glaum, 153 Minn. 219, 190 N. W. 71; State v. Kunz, 90 Minn. 526, 97 N. W. 131; State v. West, 39 Minn. 321, 40 N. W. 249. Whether different activity, between persons otherwise related, might result in an unjust prosecution is no aid to this defendant. He may not espouse the cause of others differently situated as a defense in a prosecution where the statute clearly applies to him. State v. Perry, 269 Minn. 204, 208, 130 N. W. (2d) 343, 346; Kaljuste v. Hennepin County Sanatorium Comm. 240 Minn. 407, 61 N. W. (2d) 757; State v. Meyer, 228 Minn. 286, 37 N. W. (2d) 3; Mesaba Loan Co. v. Sher, 203 Minn. 589, 595, 282 N. W. 823, 827; Henneford v. Silas Mason Co. 300 U. S. 577, 583, 57 S. Ct. 524, 527, 81 L. ed. 814, 819.

On March 30, 1965, defendant entered a plea of guilty. At the presentence examination, in open court defendant stated that complainant had consented to having sexual intercourse with him. Thereupon, the court quite properly refused to accept a plea of guilty. This is assigned as error on the theory that if all of the circumstances of the offense had not come to light because of the trial, a sentence of confinement might not have been imposed. Defendant argues in effect that he has a legal right to conceal from the court the gravity of his crime. This contention is as unconvincing as it is unique. Suffice it to say that it is the duty of the trial court to determine all the facts of the offense by presentence interrogation and investigation. It may be assumed that defendant's efforts to suppress the serious nature of the crime would thereby have been frustrated.

■ With respect to the adequacy of defendant's representation, we find no incompetence or lack of fidelity of counsel in the matters concerning which defendant now complains. Defendant was vigorously and ably represented by an experienced and conscientious public defender. Nothing in the record suggests that counsel did not discharge his duties faithfully and diligently, and defendant's contentions to the contrary are wholly without foundation.

Affirmed.