STATE v. LESTER J. MORSE.

161 N. W. (2d) 699.

September 20, 1968—No. 40,557.

---

[7] We have considered all other issues raised by appellants and find no prejudicial error or need for discussion.

*C. Paul Jones,* State Public Defender, and *Bernard P. Becker,* for appellant.

*Douglas M. Head,* Attorney General, *William B. Randall,* County Attorney, and *Thomas M. Quayle* and *Mentor C. Addicks, Jr.,* Assistant County Attorneys, for respondent.

OTIS, JUSTICE.

Defendant was charged with taking indecent liberties with a 15-year-old girl on February 24, 1966. He was found guilty and appeals from his conviction.

Minn. St. 1965, § 617.08, under which defendant was prosecuted read as follows:

"\* \* \* [E]very person who shall take such indecent liberties with or on the person of any female under the age of 16 years \* \* \* without regard to whether he or she shall consent to the same or not \* \* \* shall be guilty of a felony." [1]

The principal issue raised concerns the constitutionality of Minn. St. 609.02, subd. 9(6), which provides:

"Criminal intent does not require proof of knowledge of the age of a minor even though age is a material element in the crime in question."

Defendant argues that the conduct proscribed by the statute is so vague and indefinite as to render it unconstitutional. We disposed of a simi-

---

[1] As amended, the statute on indecent liberties now appears in Minn. St. 609.296.

lar contention in State v. Weigold, 281 Minn. 73, 77, 160 N. W. (2d) 577, 580, where we held:

"* * * What constitutes 'indecent liberties' has been defined so often we do not find it necessary to elaborate beyond holding that the acts described by complainant constituted indecent assault under any definition of that crime. State v. Glaum, 153 Minn. 219, 190 N. W. 71; State v. Kunz, 90 Minn. 526, 97 N. W. 131; State v. West, 39 Minn. 321, 40 N. W. 249. Whether different activity, between persons otherwise related, might result in an unjust prosecution is no aid to this defendant. He may not espouse the cause of others differently situated as a defense in a prosecution where the statute clearly applies to him."

■ An issue which deserves more extended consideration is whether Minn. St. 609.02, subd. 9(6), is constitutionally vulnerable in so far as it dispenses with the necessity for proving intent, mens rea, or scienter. In other words, defendant complains of being denied an opportunity to present to the jury as a defense the fact that he was reasonably mistaken as to the victim's age.

At the outset it is significant, if not decisive, that defendant at the trial offered no evidence designed to show that he was in fact misled or mistaken as to the girl's age. This issue was first suggested when all the evidence was in and both the state and defendant had rested. At that time defendant moved for a dismissal on the ground the state had not established that defendant knew the age of the alleged victim. The motion was denied. However, the court offered to give an instruction correcting an inaccurate allusion made by the state in its closing argument concerning defendant's knowledge of the girl's age. Defendant declined to ask for the charge, however. It is, therefore, not a question of whether defendant should have been accorded an opportunity to show he was reasonably mistaken in assuming the girl was more than 15 years of age. The only issue is whether defendant was entitled to a charge that one of the elements of the offense, as to which the state had the burden of proof, was defendant's knowledge that the girl was under 16 years of age. We have no difficulty in holding that defendant was not entitled to such an instruction.

The question of where the line is to be drawn with respect to the necessity for proving guilty intent has been discussed in a number of state and Federal cases. State v. Bates, 156 Minn. 104, 194 N. W. 107; State v. Anderson, 270 Minn. 411, 134 N. W. (2d) 12. At least two other states have adopted statutes similar to ours. Wis. St. 939.43(2) provides:

"A mistake as to the age of a minor or as to the existence or constitutionality of the section under which the actor is prosecuted or the scope or meaning of the terms used in that section is not a defense."

2 La. Rev. St. 1950, § 14:42(3), provides:

"Aggravated rape is a rape committed where the sexual intercourse is deemed to be without the lawful consent of the female because it is committed under any one or more of the following circumstances:

\* \* \* \* \*

"(3) Where she is under the age of twelve years. Lack of knowledge of the female's age shall not be a defense."

Illinois, on the other hand, has adopted the following statute (38 Smith-Hurd Ill. Ann. Stat. § 11-4[b] [1]):

"(b) It shall be an affirmative defense to indecent liberties with a child that:

"(1) The accused reasonably believed the child was of the age of 16 or upwards at the time of the act giving rise to the charge \* \* \*."

Likewise, The American Law Institute, Model Penal Code, Proposed Official Draft, § 213.6(1), provides as follows:

"Whenever in this Article the criminality of conduct depends on a child's being below the age of 10, it is no defense that the actor did not know the child's age, or reasonably believed the child to be older than 10. When criminality depends on the child's being below a critical age other than 10, it is a defense for the actor to prove that he reasonably believed the child to be above the critical age." [2]

This court has dealt with a similar problem in State v. Dombroski, 145

[2] Comments on the A. L. I. statute may be found in Model Penal Code, Tentative Draft No. 4, p. 253.

Minn. 278, 176 N. W. 985, and State v. Prokosch, 152 Minn. 86, 187 N. W. 971. Both cases involved prosecutions for intercourse with women mentally incapable of giving consent. The defendant in Dombroski, as in this case, requested an instruction that the state had the burden of showing defendant knew the victim was of unsound mind. The trial court refused and we affirmed the conviction. There we stated (145 Minn. 279, 176 N. W. 985):

"At common law knowledge of the criminality of an act and evil intent in committing it were essential elements of all crimes, and without a showing thereof directly or by facts creating a necessary inference of their existence no conviction could be had. Clark and Marshall, Crimes, § 55. But the rule of the common law on the subject is not in force in this state, for, as in other jurisdictions, we recognize the power and authority of the legislature in declaring what act or acts shall constitute a crime, to make those elements essential to a particular crime, or dispense therewith as may be deemed expedient and best suited to the prevention of crime and disorder. And a statute by which such elements are so dispensed with must be given force and effect by the courts."

In addition, we also noted that the result we reached was in harmony with the rule applied in prosecutions involving the age of the complainant "under which practically all the courts held that the honest belief of the accused that she had reached the age of consent when in fact she had not, constitutes no defense." 145 Minn. 280, 176 N. W. 986. We followed this rule in the Prokosch case, notwithstanding counsel's suggestion "that the rule is a harsh one and should not be too liberally applied." 152 Minn. 89, 187 N. W. 972.

The question of intent as a constitutional prerequisite to guilt has been considered by the United States Supreme Court in Shevlin-Carpenter Co. v. Minnesota, 218 U. S. 57, 30 S. Ct. 663, 54 L. ed. 930, affirming our decisions in State v. Shevlin-Carpenter Co. 99 Minn. 158, 108 N. W. 935, and State v. Shevlin-Carpenter Co. 102 Minn. 470, 113 N. W. 634, 114 N. W. 738; in United States v. Balint, 258 U. S. 250, 42 S. Ct. 301, 66 L. ed. 604; and in Morissette v. United States, 342 U. S. 246, 72 S. Ct. 240, 96 L. ed. 288.

In Balint the question was the validity of an indictment which charged defendant with selling unlawful drugs without alleging that defendant knew them to be "inhibited." The court recognized that scienter was a necessary element at common law but could be dispensed with in special situations (258 U. S. 252, 42 S. Ct. 302, 66 L. ed. 605):

"* * * Many instances of this are to be found in regulatory measures in the exercise of what is called the police power where the emphasis of the statute is evidently upon achievement of some social betterment rather than the punishment of the crimes as in cases of *mala in se*.

\* \* \* \* \* \*

"* * * Congress weighed the possible injustice of subjecting an innocent seller to a penalty against the evil of exposing innocent purchasers to danger from the drug, and concluded that the latter was the result preferably to be avoided. Doubtless considerations as to the opportunity of the seller to find out the fact and the difficulty of proof of knowledge contributed to this conclusion. We think the demurrer to the indictment should have been overruled."

The Morissette case reversed a conviction for stealing spent bomb casings from a government firing range. The trial court refused to permit counsel to argue that defendant acted with innocent intention and charged the jury that it was no defense to claim that the casings were abandoned. The Supreme Court exhaustively discussed the historical origins of "mens rea" and "scienter" and distinguished the Balint case as one dealing with a new concept applicable to health and welfare regulations where a showing of intent was not required. The court there stated (342 U. S. 256, 72 S. Ct. 246, 96 L. ed. 296):

"* * * While such offenses do not threaten the security of the state in the manner of treason, they may be regarded as offenses against its authority, for their occurrence impairs the efficiency of controls deemed essential to the social order as presently constituted. In this respect, whatever the intent of the violator, the injury is the same, and the consequences are injurious or not according to fortuity. Hence, legislation applicable to such offenses, as a matter of policy, does not specify intent as a necessary

element. The accused, if he does not will the violation, usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his responsibilities. Also, penalties commonly are relatively small, and conviction does no grave damage to an offender's reputation. Under such considerations, courts have turned to construing statutes and regulations which make no mention of intent as dispensing with it and holding that the guilty act alone makes out the crime. This has not, however, been without expressions of misgiving."

The court then found that the case before it did not come within the rule discussed and that it was error to deny defendant the right to show that his intent was innocent and that he was under a mistaken belief the property had been abandoned.

Defendant relies on Twin City Candy & Tobacco Co. Inc. v. A. Weisman Co. 276 Minn. 225, 149 N. W. (2d) 698. There we held that a statute prohibiting the sale of cigarettes at less than cost was unconstitutional if defendant was denied the right to show that the sales for which he was prosecuted were made without predatory intent or without harmful effect on legitimate competition. 276 Minn. 231, 149 N. W. (2d) 703. The Weisman case was dealing with an ordinary business transaction which, but for the below-cost statute, would not have been regarded as posing a threat to an individual victim or to society in general. That decision dealt with a commercial regulation designed to protect small merchants who might otherwise be vulnerable to the unfair tactics of stronger competitors. Apart from statute, there was no obvious detriment to the public in permitting sales below cost. This is hardly comparable to a law which, as here, penalizes a 43-year-old man for taking indecent liberties with a 15-year-old child. The conduct of this defendant was so obviously lacking in any redeeming social benefits and so patently offensive to ordinary concepts of decency and morality he is deemed to have known he was acting at his peril. It did not require a statute to warn him of the potential harm his actions might cause a girl of tender years.

Finally, defendant relies on People v. Hernandez, 61 Cal. (2d) 529, 39 Cal. Rptr. 361, 393 P. (2d) 673, 8 A. L. R. (3d) 1092. There the

California court held that a defendant prosecuted for having intercourse with a minor under the age of 18 years was entitled to show he had a reasonable and good-faith belief that she was of age. No similar decision elsewhere has been called to our attention. Significantly, the court held that the lack of criminal intent was a defense to a charge of statutory rape *"in the absence of a legislative direction otherwise."* [3] (Italics supplied.) 61 Cal. (2d) 536, 39 Cal. Rptr. 365, 393 P. (2d) 677, 8 A. L. R. (3d) 1098.

There may be cases where an application of Minn. St. 609.02, subd. 9(6), leads to an unjust result. This is not one of them. In fact situations where the underage female is the aggressor and her male partner the real victim, it is likely that the good judgment of prosecutors and jurors will prevent a miscarriage of justice. We find no unconstitutional application of the statute in the circumstances here before us.

Affirmed.

---

[3] People v. Hernandez, 61 Cal. (2d) 529, 39 Cal. Rptr. 361, 393 P. (2d) 673, 8 A. L. R. (3d) 1092, was followed in People v. Battles, 240 Cal. App. (2d) 122, 49 Cal. Rptr. 367, and in People v. Moseley, 240 Cal. App. (2d) 859, 50 Cal. Rptr. 67, and is discussed in 78 Harv. L. Rev. 1257, and in Comment, 50 Minn. L. Rev. 170. See, also, Ploscowe, *Sex and the Law,* p. 184; Comment, 62 Yale L. J. 55.