## STATE v. RONI DAVID MARCIANO.

167 N. W. (2d) 41.

April 3, 1969—No. 41481.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Leonard D. Brod,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

OTIS, JUSTICE.

Defendant had pled guilty to an information charging him with having had sexual intercourse with a girl 16 years of age, in violation of Minn. St. 609.295(4). He was sentenced according to law for a term not exceeding 3 years and appeals from that conviction.

The issue before us is whether defendant should have been permitted to show lack of criminal intent because of a reasonable belief that the victim was over the age of consent and whether, under such circumstances, the following provision of Minn. St. 609.02, subd. 9(6), is unconstitutional:

"Criminal intent does not require proof of knowledge of the age of a minor even though age is a material element in the crime in question."

We hold that on the record before us we cannot determine whether or

not the statute has been unconstitutionally applied and are therefore obliged to affirm.

All of the issues raised by defendant were considered and disposed of adversely to him in State v. Morse, 281 Minn. 378, 161 N. W. (2d) 699. Nevertheless, defendant cites the last paragraph of that opinion as authority for granting relief (281 Minn. 385, 161 N. W. [2d] 703):

"There may be cases where an application of Minn. St. 609.02, subd. 9(6), leads to an unjust result.This is not one of them. In fact situations where the underage female is the aggressor and her male partner the real victim, it is likely that the good judgment of prosecutors and jurors will prevent a miscarriage of justice. We find no unconstitutional application of the statute in the circumstances here before us."

Because defendant pled guilty, there is no record other than a transcript of the arraignment and the hearing conducted at the time of sentencing. Consequently, the only facts here presented have been elicited from defendant. We do not have the benefit of any testimony on the part of the girl involved or others having knowledge of the circumstances. From defendant's version of the facts as stated to the court, it appears that he is of Moroccan birth and a national of Israel. He married a resident of Minneapolis and came to Minnesota with her early in 1967 at the age of 21. Apparently he had Bachelor of Arts degrees from a university and a teachers' school in Israel. Shortly after coming to Minnesota he was divorced but retained his residence in Minneapolis, where he was employed as a Hebrew teacher.

In some manner, not clear in the record, a 16-year-old girl named Laura came to his apartment and remained there for some weeks. Laura told defendant at the time she arrived that she was pregnant by some other man. Defendant claims that he called the police to determine whether Laura was a runaway, and urged that she write her family. Apparently she did so. He states that Laura advised him on November 27, 1967, she was only 16 and that the act of intercourse occurred on November 29 when, in the early hours of the morning, she came of her own volition to a separate bed in which he was sleeping and invited him to have relations. On that day, or the following day, he was arrested and

has been in custody ever since. The public defender was appointed to represent him. He pled guilty on December 27, 1967, was sentenced on February 6, 1968, and appealed to this court on June 11, 1968.

As we have indicated, there is nothing before us to review other than a plea of guilty on the uncontroverted allegation that the girl involved was 16 years of age. No application was made to the trial court for leave to withdraw the plea of guilty. The prosecutor and the trial judge were afforded no opportunity to conduct a more exhaustive hearing to determine whether the prosecution would lead to an unjust result of the kind suggested in the Morse case. As we there noted, circumstances may occur where the application of § 609.02, subd. 9(6), brings about a miscarriage of justice. In an aggravated case, it may violate defendant's constitutional rights. These are matters which should be ventilated at the trial court level by whatever postconviction proceedings are available to defendant. However, for us to suggest the procedure which should now be pursued by defendant, or what evidence might compel the court to grant relief, would be inappropriate and premature. The judgment of conviction is accordingly affirmed.

Affirmed.

PETERSON, JUSTICE (concurring specially).
I concur in the result.