## JOHN LEE BREEDLOVE v. STATE.

173 N. W. (2d) 270.

December 19, 1969—No. 41140.

*C. Paul Jones,* State Public Defender, and *Frederick S. Richards,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr* and *Leonard D. Brod,* Assistant County Attorneys, for respondent.

PER CURIAM.

Defendant pled guilty to carnal knowledge in October 1958 and to burglary in the third degree in June 1960. These postconviction proceedings were commenced in July 1967 and relief denied in October 1967. The appeal is from that order.

1. Defendant contends that he should be permitted to prove he had no criminal intent with respect to the carnal knowledge charge because of a reasonable mistake concerning the victim's age. However, he signed a confession stating, among other things, he believed the girl

was 16 or 17 years old. The question of mens rea was laid to rest in State v. Morse, 281 Minn. 378, 161 N. W. (2d) 699; and State v. Marciano, 283 Minn. 200, 167 N. W. (2d) 41.

2. Defendant further asserts that his plea of guilty was induced by a confession coerced by promises of leniency and other favorable consideration when he was not represented by counsel. The officer who obtained the confession denied at the postconviction hearing that any inducements had been offered. The trial court resolved the conflicting testimony against defendant, as was its prerogative. Defendant waited 9 years to assert his claim and we are of the opinion that no compelling reason has been advanced for setting aside the plea of guilty.

3. Finally, defendant contends he was erroneously charged with breaking into a building, whereas it is undisputed that he broke out of the building. Consequently, he argues he was charged under the wrong provision of the statute. Again, this belated assertion does not bear on defendant's guilt or innocence. It is a matter which should have been aired and corrected at the time the plea was entered. No claim is made that defendant was misled concerning the charge against him. The irregularity was not prejudicial and is governed by the rule we applied in State v. Pratt, 277 Minn. 363, 152 N. W. (2d) 510.

Affirmed.

Mr. Justice Rogosheske took no part in the consideration or decision of this case.