**STATE of Minnesota, Respondent,**

v.

**David Suifong FAN, Appellant.**

**No. CX–88–2467.**

Court of Appeals of Minnesota.

Sept. 5, 1989.

Review Denied Oct. 31, 1989.

*See Korth*, 115 Wis.2d at 328–29, 340 N.W.2d at 495. This statute is similar to Minn.Stat. § 541.15 (1988).

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. Ramsey County Atty., St. Paul, for respondent.

Howard Bass, Thomson & Ellis, Ltd., St. Paul, for appellant.

Heard, considered and decided by LANSING, P.J., and CRIPPEN and THOREEN,* JJ.

## OPINION

LANSING, Judge.

This appeal challenges the constitutionality of Minn.Stat. § 617.246, subd. 2 (1986) which makes it a felony for a person to employ or permit a minor to engage in a sexual performance. Holding that the statute is not facially overbroad or unconstitutionally vague, we affirm the trial court's denial of appellant's post-trial motions.

### FACTS

A Ramsey County jury convicted David Fan of employing and permitting 14–year–old T.M. to engage in a sexual performance. The trial judge sentenced Fan to concurrent sentences of a year and a day and stayed execution on specific conditions including a 30–day workhouse sentence.

The convictions arose out of Fan's activities as owner and operator of·a St. Paul bar, the Belmont Club, which features nude

* Acting as judge of the Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 2.

dancers. He is also an officer and director of Dancing Angels, an agency that provides nude dancers for the Belmont and other local liquor establishments. Dancing Angels is managed by Nancy Osterman who hires the dancers subject to Fan's approval.

Dancing Angels hired T.M., then 13 years old, after an audition before Osterman and Fan. When asked for identification she stated she had left it at home. She was offered and signed an employment contract without identification and was told to bring identification with her when she returned for work. T.M. later produced an Unbank Card listing her age as 18. The Unbank Card, admitted into evidence, is used for check cashing identification and is obtained by filling out a form for which no documentation is required.

The evidence supporting the jury's determination that T.M. engaged in a sexual performance included the testimony of police officers Lawrence Rogers and Charles Lutchen, who observed T.M. perform at the Belmont on a stage in a corner behind glass and in front of mirrors. The stage is positioned at the same level as a narrow bar that is surrounded by stools where customers sit directly in front of the glass and slip money through narrow slits between the panel of glass. T.M. performed a 20–minute routine that included dancing to three songs.

T.M. performed the first dance with a halter wearing a short miniskirt which she lifted above her waist as she squatted down very close to the glass revealing her buttocks and pubic area. During the second dance T.M. wore only a halter top and high-heeled shoes and squatted near the glass with her knees spread, thrusting her pelvis and hips forward toward the patrons. In the third song T.M., wearing only her shoes, lay on her back with her knees up and spread apart, raising her hips to thrust her pubic area forward toward the patrons. During both the second and third songs she touched her breasts and pubic area with her fingers and partially inserted one finger into her vaginal area.

The trial court instructed the jury that mistake as to age was not a defense to the charges. After the trial Fan brought post-trial motions challenging the constitutionality of the statute and the court's preclusion of a fact defense based on mistake of age.

## ISSUE

Is Minn.Stat. § 617.246, subd. 2 (1986) facially overbroad or unconstitutionally vague?

## ANALYSIS

### Overbreadth

Fan challenges the constitutionality of Minn.Stat. § 617.246 [1] on the grounds that it is overbroad. He asserts that the statute's definitions of sexual performance would prohibit protectible First Amendment expression such as plays and movies addressing incest or pictorial representation in books promoting celibacy as a method of disease prevention.

■ Although a litigant is normally limited to constitutional challenges based on the facts at issue, a claim of first amendment overbreadth extends to potentially unconstitutional applications of a statute.

---

**1.** The statute provides, in relevant part:

617.246. Use of minors in sexual performance prohibited.

Subd. 2. Use of minor. It is unlawful for a person to promote, employ, use or permit a minor to engage in or assist others to engage in posing or modeling alone or with others in any sexual performance if the person knows or has reason to know that the conduct intended is a sexual performance.

Subd. 1. Definitions. * * *

(d) "Sexual performance" means any play, dance or other exhibition presented before an audience or for purposes of visual or mechanical reproduction which depicts sexual conduct as defined by clause (e).

(e) "Sexual conduct" means any of the following if the depiction involves a minor:

* * * * * *

(iii) Masturbation or lewd exhibitions of the genitals.

(iv) Physical contact or simulated physical contact with the clothed or unclothed pubic areas or buttocks of a human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex or between humans and animals in an act of apparent sexual stimulation or gratification.

*New York v. Ferber,* 458 U.S. 747, 767, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); *Broadrick v. Oklahoma,* 413 U.S. 601, 610, 93 S.Ct. 2908, 2914, 37 L.Ed.2d 830 (1973). This broader scope of review is a necessary counter balance when criminal sanctions restrict the ordinary review process available to determine legally protected expression. *State v. Krawsky,* 426 N.W.2d 875, 878 (1988).

■ Overbreadth must be substantial before a statute will be declared invalid. If a statute's legitimate reach "dwarfs its arguably impermissible applications," it will not be held facially invalid. *Ferber,* 458 U.S. at 773, 102 S.Ct. at 3363. This is particularly true when conduct and not merely speech is involved. *Ferber,* 458 U.S. at 770, 102 S.Ct. at 3361; *Broadrick,* 413 U.S. at 615, 93 S.Ct. at 2917.

■ In *Ferber,* the United States Supreme Court, analyzing a similar statute prohibiting distribution of material depicting sexual performances by minors, held the statute was not invalid for overbreadth. The court concluded that the statute permissibly prohibited the use of children as subjects of pornographic materials and that this legitimate application of the statute greatly overshadowed the possibility that the statute might prohibit protected educational, medical, or artistic works involving sexual performances by minors.

We are persuaded that the reasoning in *Ferber* applies. The purpose and language of Minn.Stat. § 617.246 prohibits the use of minors in sexual performances. Although it is marginally possible that the statute could reach a valid first amendment application, the statute does not substantially prohibit constitutionally protected expression. As the *Ferber* court concluded, any actual infringement of first amendment rights which may arise should be addressed on a case by case basis. *Ferber,* 458 U.S. at 774, 102 S.Ct. at 3364.

*Vagueness*

■ Fan also challenges the statute as unconstitutionally vague. He contends the phrase "lewd exhibition of the genitals" in subd. 1(e)(iii) is not sufficiently clear to draw a line between lawful and unlawful conduct, particularly when knowledge of the age of the minor is not an element of the offense.[2]

The void-for-vagueness doctrine requires that penal statutes define offenses with sufficient definiteness that ordinary people can understand what conduct is prohibited. *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). A law is impermissibly vague if it fails to draw a reasonably clear line between lawful and unlawful conduct. *Smith v. Goguen,* 415 U.S. 566, 574–78, 94 S.Ct. 1242, 1247–59, 39 L.Ed.2d 605 (1974).

This court has previously determined that a criminal statute using the terms "lewdness" and "lascivious behavior" is not void for vagueness. *Mankato v. Fetchenhier,* 363 N.W.2d 76 (Minn.Ct.App.1985). Fan maintains that proscriptions against "lewd conduct" have been invalidated as insufficiently definite. Whether "lewd" or "lewd conduct" has the required specificity to withstand constitutional challenge need not be readdressed here. The statute at issue uses the word "lewd" followed by the more precise term, "exhibition of the genitals." This identical language was upheld in Ferber as sufficiently describing a category of material for proscription. *Ferber,* 458 U.S. at 765, 102 S.Ct. at 3358. The court stated: "The term 'lewd exhibition of the genitals' is not unknown in this area and, indeed, was given in *Miller* as an example of a permissible regulation." *Id.* (citing *Miller v. California,* 413 U.S. 15, 25, 93 S.Ct. 2607, 2615, 37 L.Ed.2d 419 (1973)).

Fan claims that any vagueness in the statute is exacerbated by the provision that mistake as to the minor's age is not a defense.[3] The Supreme Court has recog-

---

**2.** Minn.Stat. § 617.246, subd. 5 provides:

Consent; mistake. Neither consent to sexual performance by a minor or the minor's parent, guardian, or custodian nor mistake as to the

minor's age is a defense to a charge of violation of this section.

**3.** Honest belief that child was over the age of majority does not constitute a defense of consti-

nized that the constitutionality of a vague statutory standard is closely related to whether that standard incorporates a requirement of mens rea. *Colautti v. Franklin*, 439 U.S. 379, 395, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979). This proceeds from a concern that the statute may punish without warning an offense of which the accused was unaware. *Screws v. United States*, 325 U.S. 91, 101–02, 65 S.Ct. 1031, 1035–36, 89 L.Ed. 1495 (1945).

We agree that intent is important if the statutory standard is uncertain. Here the statute specifically requires that a person subject to its enforcement must *know or have reason to know* that the conduct *intended* is a sexual performance. Minn. Stat. § 617.246, subd. 2 (emphasis added). Intent in this case is specifically required as it relates to the challenged standard of "lewd exhibition of genitals."

The question, simply stated, is whether the term "lewd exhibition of genitals" reasonably gave Fan notice that it was illegal to employ a fourteen year old girl to perform the three dances described. We conclude that the statute gave adequate warning of the proscribed conduct and marked boundaries sufficiently distinct to administer and enforce the law.

 Finally, in a challenge that implicates both the first amendment and due process protections, Fan argues that exclusion of mistake of age as a defense seriously chills protected speech. At least one federal circuit court, examining a similar child pornography statute, has determined that the first amendment requires a reasonable mistake of age defense. *United States v. United States District Court for Central District of California*, 858 F.2d 534 (9th Cir.1988).

Although we find the reasoning of this case instructive, we do not find it controlling. The elements to be considered in balancing the competing interests are not the same. In *Ferber* the court recognized the presentation and production of child pornography bears heavily and permanently on the welfare of children. *Ferber*, 458 U.S. at 756–57, 102 S.Ct. at 3354. The protection of our young from sexual abuse may be among the most important functions of a civilized society. *United States v. United States District Court*, 858 F.2d at 541. Although the Ninth Circuit Court recognizes this compelling interest, it casts the balance in form of protected expression—in that case production of salacious movies. The statute construed by the Ninth Circuit was silent on the issue of age scienter. Here we have a clearer statement of public policy because the Minnesota legislature specifically excluded the mistake-of-age defense.

Second, the "speech" which might be chilled by this application of the statute involves conduct, rather than pure speech.

> "[T]he states have greater power to regulate nonverbal, physical conduct than to suppress depictions or descriptions of the same behavior."

*Koppinger v. City of Fairmont*, 311 Minn. 186, 193, 248 N.W.2d 708, 712 (Minn.1976) (*quoting Miller v. California*, 413 U.S. at 26 n. 8 [93 S.Ct. 2607, 2616 n. 8]). *See also Broadrick*, 413 U.S. at 615, 93 S.Ct. at 2917.

Employers of erotic dancers must simply direct their energies toward a more thorough investigation of their dancers' ages.[4] Minnesota's compelling state interest requires toleration of the statute's insubstantial chilling effect. We conclude that the first amendment does not preclude strict

---

tutional dimension. *United States v. Brooks*, 841 F.2d 268 (9th Cir.1988), *cert. denied,* —— U.S. ——, 108 S.Ct. 2887 (1988). *Nelson v. Moriarty*, 484 F.2d 1034 (1st Cir.1973). The effect of mens rea and mistake on state criminal law has generally been left to the discretion of the state. *See e.g. Powell v. Texas*, 392 U.S. 514, 535–36, 88 S.Ct. 2145, 2155–56, 20 L.Ed.2d 1254 (1968); *Lambert v. California*, 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1957). Minnesota courts have held that denial of opportunity to

present a reasonable mistake-of-age defense is not unconstitutional. *State v. Morse,* 281 Minn. 378, 161 N.W.2d 699 (1968); *State v. Dombroski,* 145 Minn. 278, 176 N.W. 985 (1920).

**4.** It is noteworthy that all of the evidence presented or offered showed that Fan engaged in an extremely cursory investigation of age in the present case. The only age identification provided by T.M. was an Unbank Card.

**248**

liability under § 617.246 as it relates to these facts.

## DECISION

Minn.Stat. § 617.246 is not facially overbroad because it does not substantially prohibit constitutionally protected expression. Minn.Stat. § 617.246, subd. 2, contains a determinable standard of conduct and is not unconstitutionally vague nor does it substantially chill first amendment rights.

Affirmed.