STATE of Minnesota, Respondent,

v.

Jeffrey Richard BORDEN, Appellant.

No. C2–89–1906.

Court of Appeals of Minnesota.

May 15, 1990.

Review Denied July 13, 1990.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, Stephen C. Rathke, Crow Wing County Atty., Brainerd, for respondent.

Stephen Patrick Doyle, Doyle and Michales, Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and RANDALL and SCHULTZ, JJ.[*]

## OPINION

FOLEY, Judge.

A wet t-shirt contest conducted by appellant Jeffrey Richard Borden degenerated into a sexual performance. Two minors participated in the contest and the events that followed. Borden was charged with two counts of using minors in a sexual performance in violation of Minn.Stat. § 617.246, subd. 2 (1988).

The case was tried to a jury, which returned a verdict finding Borden guilty on both counts. Borden was sentenced and judgment entered. Borden brings this appeal, alleging the trial court improperly admitted a videotape of the performance into evidence and there was insufficient evidence to support his conviction.

## FACTS

On Saturday, August 20, 1988, a wet t-shirt contest was held at Brainerd International Raceway. The contest was organized by Borden.

In preparation for the contest, Borden prepared printed flyers and obtained scaffolding to use for the stage. An ice cream bucket, with a sign asking for donations, was set outside the front gate. Borden recruited men to act as "bouncers" and provide security during the contest.

On Friday, Borden began to ask women if they were interested in participating in the contest. Several women signed up for the contest. Borden did not inquire as to their ages. One of the women who signed up was 16-year-old S.S. She also signed up her friend, T.T., who was also 16.

Just before the contest was about to begin on Saturday, the five women who were waiting to participate made an agreement that they would not take any clothing off but their shirts. The women told Borden about their decision and he agreed. S.S. and T.T. were not among the five women who made the agreement.

The contest began at approximately 8:00 p.m. on Saturday. The five women who made the agreement got on the stage and the crowd began to cheer. The crowd was estimated to be between 2,000 and 3,000 people, predominately men. Borden began the contest by using a microphone to announce the women's names and occupations. After he introduced each woman, he poured water on the front of her shirt. Some of the women exposed their breasts at this point. The winner was to be determined by the loudness of the crowd when each woman was pointed to by Borden.

S.S. and T.T. appeared on the stage after the contest began. Shortly thereafter, only four women remained on the stage, including S.S. and T.T. The parties agree that the conduct engaged in by the women on the stage constituted a sexual performance. As these acts were taking place, Borden continued to pour water on the women. At trial, Borden testified that he was attempting to pick a winner so that the contest would be over. Borden testified that he felt the contest was out of control and he feared that someone would be injured if he stopped the contest before a winner was named. Finally, a woman was declared the winner and the women were escorted from the stage.

At trial, a videotape of the contest was entered into evidence. The videotape is approximately 45 minutes in length and focuses on the conduct of all the women on the stage, not just the minors. The tape clearly depicts the various types of sexual

---

[*] Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

conduct which took place during the contest.

The tape was played to the jury during the prosecution's case in chief and portions of the tape were shown during the cross-examination of Borden. In addition, the jury was allowed to take the tape with them while they deliberated.

The jury returned a verdict of guilty and Borden appeals from the entry of judgment.

## ISSUES

1. Did the trial court abuse its discretion by allowing the videotape of the contest into evidence?

2. Was the evidence presented at trial sufficient to uphold Borden's conviction?

## ANALYSIS

### 1. *Admission of the Videotape*

Borden alleges that the trial court abused its discretion by admitting into evidence State's Exhibit 2, a videotape of the wet t-shirt contest. Borden argues that its prejudicial and inflammatory effect outweighed its probative value.

Borden cites the following facts as supporting his argument: (1) many of the scenes in the videotape did not depict the minors participating in the sexual performances, but only adults; (2) the video had explicit scenes of the minors engaging in various types of sexual conduct; (3) during the cross-examination of Borden, the prosecution stopped the videotape at selected scenes; and (4) the jury was allowed to take the tape with them while deliberating.

■■■ Minn.R.Evid. 403 governs the admission and exclusion of evidence and states the following:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The admission of photographs in a criminal trial is in the discretion of the trial court

judge and the defendant must show an abuse of that discretion to subject the trial court's finding to reversal. *State v. Hatton,* 396 N.W.2d 63, 66 (Minn.App.1986), *pet. for rev. denied* (Minn. Jan. 16, 1987), *cert. denied,* 482 U.S. 911, 107 S.Ct. 3180, 96 L.Ed.2d 669 (1987). Photographs are not rendered inadmissible because they incidentally tend to arouse the passion or prejudice of the jury. *State v. Durfee,* 322 N.W.2d 778, 785–86 (Minn.1982); *State v. DeZeler,* 230 Minn. 39, 47, 41 N.W.2d 313, 319 (1950).

■■■ A trial is a search for the truth. The jury should not be required to recreate in their minds the crime and surrounding events when a videotape, whose authenticity is undisputed, is available. This videotape allowed the jury to witness the actual crime and to base their judgment upon their own eyewitness interpretation of Borden's actions. The videotape minimized the ability of counsel, for both sides, to obscure the issues by skillful questioning and presentation of evidence. This is as it should be.

The videotape that is the subject of this appeal is the authentic photographic depiction of the events which took place at Brainerd International Raceway. This differs substantially from a video portraying a reenactment of a crime. Reenactments may be subject to greater limitations in their admissibility, based upon reliability and their usefulness to the jury.

Borden argues that the trial court should have used some alternative method of presenting the videotape, such as editing or reducing certain key portions to still photographs. Borden did not request any of these measures at trial. Borden also failed to object at trial to the jury's use of the tape during deliberations. It is not incumbent upon the trial court to sua sponte limit the use of legitimate evidence. The trial court did not abuse its discretion in admitting the videotape into evidence or in allowing the prosecution unlimited use of the exhibit.

### 2. *Sufficiency of the Evidence*

Borden asserts that the evidence adduced at trial failed to sufficiently show evidence

of his intent as required by Minn.Stat. § 617.246 (1988). Borden concedes he need not have been aware of the minor's age to be guilty of violating the statute. *See* Minn.Stat. § 617.246, subd. 5; *State v. Fan,* 445 N.W.2d 243, 247–48 (Minn.App. 1989), *pet. for rev. denied* (Minn. Oct. 31, 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1480, 108 L.Ed.2d 617 (1990).

Minn.Stat. § 617.246, subd. 2 (1988) provides:

It is unlawful for a person to promote, employ, use or permit a minor to engage in or assist others to engage in posing or modeling alone or with others in any sexual performance if the person knows or has reason to know that the conduct intended is a sexual performance.

Borden asserts that the state failed to present sufficient evidence that he knew or had reason to know that the conduct intended was a sexual performance.

■ "Intent * * * is a subjective state of mind usually established only by reasonable inference from surrounding circumstances." *State v. Schweppe,* 306 Minn. 395, 401, 237 N.W.2d 609, 614 (1975). An intent to commit an offense can arise on the spur of the moment. *State ex rel. Flynn v. Rigg,* 256 Minn. 304, 310, 98 N.W.2d 79, 84 (1959).

■ Here, the evidence clearly shows that Borden organized and ran the event. The evidence also clearly demonstrates that the contest went far beyond being a wet t-shirt contest, Borden's original intent. Borden had reason to know that it had evolved into a sexual performance.

The photographs and video tape show Borden gesturing toward each of the women. Borden testified that this was in an attempt to pick a winner so that he could end the contest. Borden's active encouragement of the lewd exhibition taking place upon the stage clearly evidenced his intent to promote a sexual performance. The jury had more than sufficient evidence from which to infer Borden had the requisite intent.

■ Finally, Borden argues that the trial court failed to adequately instruct the jurors regarding the intent required for conviction under Minn.Stat. § 617.246. The trial court instructed the jury as follows:

The elements of the crime of use of minors to engage in sexual performance are:

1st. [S.S.] and [T.T.] were minors at the time of the defendants' act.

Minor means any person under the age of 18.

2nd. Defendants, or each of them, promoted, employed, used or permitted the minors to engage in posing and modeling, alone or with others, in any sexual performance.

I will now define promote. Promote means to produce, direct, publish, manufacture, issue or advertise.

I will now define sexual performance. That means any play dance or other exhibition presented before an audience or for the purpose of video or mechanical reproduction which depicts sexual conduct.

I will now define sexual conduct. That means the following:

A. An act of sexual intercourse, normal or perverted, actual or simulated, including genital to genital, anal to genital or oral to genital intercourse; or,

B. Masturbation or lewd exhibition of the genitals; or,

C. Physical contact or simulated physical contact with the clothed or unclothed pubic areas or buttock of the human male or female or the breasts of the female, whether alone or between members of the same or opposite sex, in an act of apparent sexual stimulation or gratification.

3rd. Defendants knew or had reason to know that such intended conduct was a sexual performance.

4th. Defendants act took place on or about the 20th day of August, 1988, in Crow Wing county.

If you find that these four elements have been proven beyond a reasonable doubt, defendants are guilty of use of minors to engage in a sexual performance.

If you find that any of these elements have not been so proven, defendants are not guilty.

Consent to the sexual performance by the minors is not a defense to this charge.

Mistake as to the minor's age is not a defense to this charge.

Consent defined means a voluntary and uncoerced agreement to engage in sexual performance at the time the performance takes place.

Genitals defined means the reproductive organ, in this case the vagina.

Intent, intentionally defined. Intentionally means that the person either has the purpose to do the thing or cause the results specified or believes that his act, if successful, will cause that result.

In addition, the person must have knowledge of those facts which are necessary to make his conduct criminal.

Intent is something that exists in the person's mind. It is seldom, if ever, that a person's intent can be proven by direct evidence.

Intent may be inferred by the nature of the act, what the person did, what the person said, how the person acted. Generally it may be inferred that a person intends the act which he or she voluntarily performs.

These instructions were sufficient to convey to the jury the elements which must be proved under Minn.Stat. § 617.246, including the meaning of intent.

■ The constitutionality of Minn.Stat. § 617.246 was not briefed or argued by Borden and will not be addressed here. *See Balder v. Haley,* 399 N.W.2d 77, 80–81 (Minn.1987).

### DECISION

Affirmed.