**STATE of Minnesota, Respondent,**

v.

**Eve WHITE, a/k/a Eve Cascio, Appellant.**

No. C0-90-498.

Court of Appeals of Minnesota.

Dec. 31, 1990.

Review Denied March 15, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis County Atty., John E. DeSanto, Asst. County Atty., Duluth, for respondent.

Randall D.B. Tigue, Minneapolis, for appellant.

Considered and decided by SHORT, P.J., and LANSING and GARDEBRING, JJ.

## OPINION

LANSING, Judge.

In *State v. Fan*, 445 N.W.2d 243 (Minn. App.1989), *pet. for rev. denied* (Minn. Oct. 31, 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1480, 108 L.Ed.2d 617 (1990), we upheld the constitutionality of Minn.Stat. § 617.246, prohibiting the use of minors in sexual performances, against general first amendment and due process claims. In this appeal, Eve White specifically challenges the constitutionality of the statute's exclusion of mistake of age as a defense.

## FACTS

A St. Louis County jury convicted Eve White of using 17–year–old R.A.R. to engage in a sexual performance. The facts surrounding Eve White's arrest and conviction are undisputed. White, the manager of several adult bookstores, hired 17–year–old R.A.R. to perform as a nude dancer on a bookstore dance floor. White testified that she knew performers must be at least 18 years of age but mistakenly believed that R.A.R. was 26 years old.

White based her mistaken belief on R.A.R.'s presentation of a Minnesota identification card falsely identifying R.A.R. as her 26–year–old sister. White asked R.A.R. to repeat the information on the identification card and compared R.A.R.'s signature on her W–4 form with her signature on the card. She also asked her for additional identification and a social security number. R.A.R. said she did not have additional identification and that she had left her social security card at home. R.A.R. later telephoned White and gave a false social security number. White did not ask to see R.A.R.'s social security card after hiring her. White does not dispute the sexually explicit nature of R.A.R.'s performance or deny knowledge of its character and content.

Adhering to the statute over White's objection, the trial court refused to instruct the jury that a good faith mistake of fact constituted a defense to the charges. White brought post-trial motions challenging the constitutionality of the statute and the court's preclusion of a defense based on mistake of age.

## ISSUES

1. Does the preclusion of a mistake of age defense to Minn.Stat. § 617.246 impermissibly constrain the first and fourteenth amendments to the United States Constitution?

2. Did the trial court incorrectly apply Minn.Stat. § 617.246, subd. 5 to exclude a mistake of identity?

## ANALYSIS

### I

■ The United States Supreme Court, in analyzing a New York statute [1] prohibiting the same conduct as Minn.Stat. § 617.246 [2], declared the New York statute

---

1. N.Y.Penal Law § 263.15 (McKinney 1980).

2. The statute provides in relevant part:
   Subdivision 2. Use of Minor. It is unlawful for a person to promote, employ, use or permit a minor to engage in or assist others to engage in posing or modeling alone or with others in any sexual performance if the person knows or has reason to know that the conduct intended is a sexual performance.
   Subdivision 5. Consent; mistake. Neither consent to sexual performance by a minor or the minor's parent, guardian, or custodian nor mistake as to the minor's age is a defense to a charge of violation of this section.

valid against a first amendment challenge. *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). *Ferber* provided the basic authority for upholding Minn.Stat. § 617.246 against earlier constitutional challenges. *State v. Fan*, 445 N.W.2d 243 (Minn.App.1989), *pet. for rev. denied* (Minn. Oct. 31, 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1480, 108 L.Ed.2d 617 (1990). Because the conduct of the promoter in *Fan* differs somewhat from Eve White's conduct, we undertake a fuller analysis of the overbreadth doctrine and the due process clause as they relate to Minnesota's preclusion of the defense of mistake of age.

■ The first amendment is not violated by a state's prohibiting the use of a minor in a sexual performance, whether or not the performance is obscene, because child pornography is not entitled to first amendment protection. *Ferber*, 458 U.S. at 763–64, 102 S.Ct. at 3358. Even though the New York statute may suppress some protected expression, the court upheld its constitutionality because it is not substantially overbroad. *Id.* at 773–74, 102 S.Ct. at 3363. White contends that the differences between the New York and Minnesota statutes undercut *Ferber's* precedential effect on her overbreadth challenge to the Minnesota statute.

The Minnesota and New York statutes differ in a significant respect. Under the Minnesota statute, White did not have available the defense that she "in good faith reasonably believed the person appearing in the [sexual] performance was [not a minor]." *See* 39 N.Y.Penal Law § 263.20 (McKinney 1980). Essentially, White's constitutional challenge asks whether the unavailability of the mistake of age defense, leading to the exclusion of her evidence of a good faith attempt to determine age, requires a different constitutional analysis or result from *Ferber.*

■ The relationship between a criminal act and the mental state of the person charged with the crime provides the rational basis for our system of criminal prosecution. *See Morissette v. U.S.*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); *Dennis v.*

*United States,* 341 U.S. 494, 500, 71 S.Ct. 857, 862, 95 L.Ed. 1137 (1951). However, as we recognized in *Fan*, the existence of mens rea is not constitutionally mandated. *Fan,* 445 N.W.2d at 246–47 n. 3. States may create strict liability by defining criminal offenses without an element of scienter. *See Smith v. California*, 361 U.S. 147, 150, 80 S.Ct. 215, 217, 4 L.Ed.2d 205 (1959).

A well-established body of case law has upheld statutes that exclude mistake of age as a defense to sexual conduct between an adult and a child under the statutory age of consent. *See State v. Morse*, 281 Minn. 378, 161 N.W.2d 699 (1968); *State v. Silva*, 53 Haw. 232, 491 P.2d 1216 (1971); *State v. Stiffler*, 117 Idaho 405, 788 P.2d 220 (1990); *Toliver v. State*, 267 Ind. 575, 372 N.E.2d 452 (1978); *Commonwealth v. Miller*, 385 Mass. 521, 432 N.E.2d 463 (1982); *State v. Moore*, 105 N.J.Super. 567, 253 A.2d 579 (1969); *State v. Randolph*, 12 Wash.App. 138, 528 P.2d 1008 (1974). *But see People v. Hernandez*, 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673 (1964); *State v. Guest*, 583 P.2d 836 (Alaska 1978). This exclusion has also been upheld in forbidding interstate transportation of persons to engage in immoral practices. *See U.S. v. Hamilton*, 456 F.2d 171 (3d Cir.), *cert. denied,* 406 U.S. 947, 92 S.Ct. 2051, 32 L.Ed.2d 335 (1972).

An additional body of case law has upheld strict liability offenses in the area of public welfare, including food and drug legislation. *See, e.g., United States v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (unregistered hand grenades), *reh'g denied,* 403 U.S. 912, 91 S.Ct. 2201, 29 L.Ed.2d 690 (1971); *United States v. Dotterweich,* 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (adulterated drugs), *reh'g denied,* 320 U.S. 815, 64 S.Ct. 367, 88 L.Ed. 492 (1943); *United States v. Behrman,* 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619 (1922) (Narcotics Act violations); *United States v. Balint,* 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922) (sale of narcotics covered by the Narcotics Act).

As these cases illustrate, there is no absolute, constitutional prohibition on impos-

ing strict criminal liability. However, none of these cases specifically address the first amendment issues raised by White. Because first amendment attacks on overly broad statutes may be premised on predictable as well as personal violations of constitutional rights, we must analyze the statute's effect on the protected speech or conduct of others as well as White. *See Broadrick v. Oklahoma,* 413 U.S. 601, 612, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973).

The overbreadth doctrine narrows as it moves from "pure speech" toward expressive conduct. *Id.* at 614–15, 93 S.Ct. at 2917. Recognizing that states have greater powers to regulate expressive conduct, the Supreme Court has determined that, in such cases, a constitutional infirmity caused by overbreadth must not only be real, but substantial. *Id.* at 615, 93 S.Ct. at 2918.

The United States Supreme Court and the Minnesota Supreme Court have held that nude dancing in some circumstances is a form of constitutionally protected expression. *See California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975); *Schad v. Borough of Mt. Ephraim,* 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1982); *Koppinger v. City of Fairmont,* 311 Minn. 186, 248 N.W.2d 708 (1976).[3] White contends that Minnesota's imposing criminal liability for promotion of sexual performances of minors, irrespective of a good faith mistake, will eliminate all hiring for nude dancing, despite its constitutional protection.

In evaluating White's claim to overbreadth, we note first that, by removing the mistake of age defense, the Minnesota legislature did not extend the reach of the statute into a larger area of protected first amendment conduct. The statute specifically requires that a person subject to its enforcement must know or have reason to know that the conduct intended is a sexual

performance. Minn.Stat. § 617.246, subd. 2. The *Ferber* court referred to this aspect of knowledge when it emphasized:

> As with obscenity laws, criminal responsibility may not be imposed without some element of scienter on the part of the defendant.

*Ferber,* 458 U.S. at 765, 102 S.Ct. at 3358.

■ The specific effect of removing the mistake of age defense is to put the promoter of a sexual performance at greater peril. Although the severity of the penalty factors into the overbreadth analysis, it does not compel a finding that the statute is overbroad. The standard remains the same as that established in *Broadrick;* overbreadth must be real and substantial.

Neither *Broadrick* nor *Ferber* identify a specific test to apply in determining substantial overbreadth. The term "substantial" obviously entails the amount of protected conduct that may be inhibited and the number of instances in which the inhibition would occur. Determining what is lost by the inhibition and what steps are available to ameliorate the inhibition are other important considerations.

The *Ferber* court used a comparative evaluation, reasoning that the reach of the New York statute is directed at the hard core of child pornography and that the legitimate sweep of the statute "dwarfs its arguably impermissible applications." *Ferber,* 458 U.S. at 773, 102 S.Ct. at 3363. *Ferber* noted that some protected expression, ranging from medical textbooks to pictorials in the National Geographic could fall prey to the statute. In this regard, the Minnesota statute is no more punitive than the New York enactment because Minnesota does not prohibit the defense of mistake of age in prosecutions for possession or distribution of pictorial representation of sexual conduct involving a minor. Minn. Stat. § 617.247 (1988).[4]

---

**3.** For a comprehensive history of nude dancing as expressive activity, *compare Miller v. Civil City of South Bend,* 904 F.2d 1081 (7th Cir.), *cert. granted sub. nom., Barnes v. Glen Theatre, Inc.,* —— U.S. ——, 111 S.Ct. 38, 112 L.Ed.2d 15 (1990), *with Walker v. City of Kansas City, Mis-*

*souri,* 911 F.2d 80 (arguing that nude dancing is not protected, expressive activity), *reh'g denied,* 919 F.2d 1339 (8th Cir.1990).

**4.** This distinction addresses to some extent the reservations expressed in the Ninth Circuit Court of Appeals' holding that precluding a mis-

The additional overreach of Minnesota's statute is the inhibition on adult nude dancing. Because age can be determined to some extent by observation of the individual and examination of original identification documents, all adult nude dancing would not be suppressed. White's initial response to R.A.R.'s identification was that R.A.R. looked younger, but White then accepted R.A.R.'s excuse that she had left her social security card at home. The suppressive affect would be greatest in the age group closest to 18 because visual confirmation does not provide as reliable a check to forged identity.

We do not deny the harshness of the statute as it applies to promoters of nude dancing. The Minnesota legislature has chosen to place a heavy burden on those who hire individuals to perform in sexual performances, requiring them to make a thorough, perhaps exhaustive investigation of their performers' ages. However, sexual exploitation of children has historically provoked strong regulation. As the Eighth Circuit reasoned in a case prohibiting the use of children in the distribution of a controlled substance, to permit a defense of lack of knowledge of the child's age would allow dealers "to close their eyes as to the age of the minors who become part of the operation, without fear of reprisal." *U.S. v. Carter*, 854 F.2d 1102, 1109 (8th Cir. 1988).

Despite the severity of excluding a good faith defense of mistake of age, we conclude that the statute is not unconstitutionally overbroad. We reach this conclusion because the statute affects expressive conduct rather than speech, contains a scienter requirement for the content of the performance, and potentially deters only a limited amount of conduct.

## II

White's due process challenge to Minn.Stat. § 617.246 is less clearly defined, but rests generally on the precept that imposing strict criminal liability on White, who lacked the requisite knowledge to avoid the criminality of her act, violates White's state and federal due process rights. These arguments are partially answered by the cases upholding the exclusion of mistake of age defenses in sexual misconduct prosecutions and transportation of persons for immoral purposes. White cites four additional cases as authority for her due process arguments.

White's federal due process argument is premised on the holdings of *Morissette v. U.S.*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952) and *Liparota v. U.S.*, 471 U.S. 419, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985). In *Morissette*, the Supreme Court refused to construe a newly-recodified larceny statute to eliminate proof of criminal intent when such intent was not specifically required by the statute. Similarly, in *Liparota*, the Supreme Court held that, absent indication of a contrary purpose in the language or the legislative purpose of the statute, a criminal statute will be construed to require a mens rea. The Minnesota statute, however, is not silent on the mistake of age defense; it specifically precludes it. The clear legislative exclusion distinguishes White's circumstances from *Morissette* and *Liparota*.

The same distinction applies to the Minnesota cases that White advances as authority for the state due process violation. In *State v. Neisen*, 415 N.W.2d 326 (Minn.1987), the supreme court declined to eliminate the "carding defense" to the liquor sales statute. The court stressed that to impose criminal liabilities for conduct unaccompanied by fault, "the legislative intent to do so should be clear." *Id.* at 329. The legislature's intent in section 617.246, subd. 5 is clear.

take of age defense invalidated the Federal Child Protection Act, 18 U.S.C. § 2251. *United States v. U.S. District Court for Central District of California*, 858 F.2d 534, 540–43 (9th Cir. 1988). It is also significant that the federal act does not explicitly eliminate the defense of mistake of age. In a 2–1 opinion, the Ninth Circuit concluded that Congress had deliberately deleted such a provision. A specific statutory provision precluding a mistake of age defense presents a different set of facts which can result in a different holding. *See, e.g.,* Comment, *United States v. United States District Court (Kantor): Protecting Children from Sexual Exploitation or Protecting the Pornography Producer*, 20 Pacific Law Journal 1343 (1989).

White also relies on *State v. Guminga*, 395 N.W.2d 344 (Minn.1986), in which the court invalidated a statutory provision imposing vicarious liability on an employer for an employee's illegal liquor sale. We do not read *Guminga* as broadly as White recommends. White's responsibility was direct rather than vicarious and is not unconstitutional under *Guminga.* White has failed to establish a due process violation of either the state or federal constitutions.

## III

White argues that her proferred defense at trial was improperly excluded because she hired R.A.R., not on the mistaken belief that R.A.R. was 26, but on the mistaken belief that R.A.R. was her sister who was indisputably 26 years old. This distinction between mistake of age and mistake of identity is more verbally facile than legally significant. White acknowledged that she was not concerned about the true identity of the performers, but only their age. It is highly unlikely that the Minnesota Legislature intended that its express prohibition of a mistake of age defense could so easily be defeated by simply calling such a defense a mistake as to identity.

 We also reject White's final due process argument that the state may not penalize her for relying on R.A.R.'s Minnesota identification card. Prosecution may be precluded where actions are taken in reliance on certain representations. *See Raley v. Ohio*, 360 U.S. 423, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959) (affirmative representation that the witnesses had a privilege not to answer incriminating questions invalidated contempt conviction); *Cox v. Louisiana*, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (city officials' permission to picket in an area defeated a prosecution for prohibited picketing), *reh'g denied*, 380 U.S. 926, 85 S.Ct. 879, 13 L.Ed.2d 814 (1965); *United States v. Brady*, 710 F.Supp. 290 (D.Colo.1989) (state court judge's indication that defendant could possess a firearm invalidated unlawful possession conviction). Minnesota's issuance of an identification card based on forged documents, however, does not create a reliance which invalidates White's criminal conviction. Unlike the representations in *Raley, Cox* and *Brady,* the state of Minnesota did not affirmatively participate in the conduct which lead to the criminal violation.

## DECISION

Minn.Stat. § 617.246 does not substantially prohibit constitutionally protected expression and is not facially overbroad, even though it permits no defense of mistake as to age. The statute violates no due process rights, and any attempted distinction between mistake of age from mistake of identity is legally insufficient to create such a violation.

Affirmed.