**STATE of Minnesota, Respondent,**

v.

**Dale Owen PETERSON, Appellant.**

**No. C4–95–684.**

Court of Appeals of Minnesota.

Aug. 15, 1995.

Review Denied Oct. 10, 1995.

Hubert H. Humphrey, III, Atty. Gen., Catherine M. Keane, Asst. Atty. Gen., St. Paul, David M. Gilbertson, Chippewa County Atty., Nancy Jones Norman, Asst. County Atty., Montevideo, for respondent.

Randall D.B. Tigue, Minneapolis, for appellant.

Considered by LANSING, P.J., and DAVIES and HARTEN, JJ.

## OPINION

LANSING, Judge.

The owner-operator of a nude-dancing establishment moved to dismiss a charge of violating Minn.Stat. § 617.246, subd. 2, on the ground that the statute is facially unconstitutional in light of *United States v. X–Citement Video*. The district court denied the motion and certified the constitutional question to this court as important and doubtful. Affirmed and certified question answered in the negative.

## FACTS

Chippewa County charged Dale Peterson with violating Minn.Stat. § 617.246, subd. 2, a felony which prohibits the use of a minor in a sexual performance. The complaint alleges that Peterson hired and directed a seventeen-year-old female to perform nude dancing at the Cityside Entertainment Center in Montevideo, Minnesota.

Following his arraignment, Peterson moved to dismiss the complaint on the ground that subdivision 2 is facially unconstitutional. Relying on *United States v. X–Citement Video*, Peterson argued that the Minnesota statute is void on its face because subdivision 2 does not require that the violator have any scienter as to the child's age.

The district court denied Peterson's motion, and certified the constitutional question to this court as important and doubtful.

## ISSUE

In light of *United States v. X–Citement Video*, does the First Amendment require that a mistake-of-age defense be available in a prosecution for use of a minor in a sexual performance under Minn.Stat. § 617.246, subd. 2?

## ANALYSIS

Under Minnesota law it is a felony for a person to "promote, employ, use or permit a minor to engage in or assist others to engage * * * in any sexual performance." [1] Minn.Stat. § 617.246, subd. 2 (1994). To violate subdivision 2, a person must know or have reason to know "that the conduct intended is a sexual performance," *id.*, but need not know that the performer is a minor. *Id.* at subd. 5 ("[m]istake as to the minor's age is [not] a defense to a charge of violation of this section."). Peterson argues that because mistake-of-age is not available as a defense to subdivision 2, the statute violates the First Amendment.

Peterson is not the first to raise such a challenge. In 1989 and 1990 we rejected arguments that subdivision 2 is overbroad.

1. A "sexual performance" is "any play, dance or other exhibition presented before an audience or for purposes of visual or mechanical reproduction which depicts sexual conduct." Minn.Stat. § 617.246, subd. 1(d) (1994).

*See State v. White,* 464 N.W.2d 585, 590 (Minn.App.1990), *pet. for rev. denied* (Minn. March 15, 1991), *cert. denied,* 502 U.S. 819, 112 S.Ct. 77, 116 L.Ed.2d 51 (1991); *State v. Fan,* 445 N.W.2d 243, 248 (Minn.App.1989), *pet. for rev. denied* (Minn. Oct. 31, 1989), *cert. denied,* 494 U.S. 1030, 110 S.Ct. 1480, 108 L.Ed.2d 617 (1990). Like Peterson, the defendants in *White* and *Fan* hired a minor to engage in a sexual performance, then challenged the enforcement of subdivision 2 by disputing its constitutionality. *White,* 464 N.W.2d at 586; *Fan,* 445 N.W.2d at 245. Peterson argues that he should prevail because *White* and *Fan* are no longer good law under *United States v. X–Citement Video,* — U.S. —, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994). We disagree.

*X–Citement Video* presented the Supreme Court with two questions: whether 18 U.S.C. § 2252, a federal child pornography statute, included a scienter requirement for the age of minority, and if not, whether the absence of a scienter requirement made that statute unconstitutional. — U.S. at ——–—, 115 S.Ct. at 466–67. The specific language analyzed by the Court authorizes the prosecution of any person who:

> (1) knowingly transports * * * any visual depiction, if—
>
> (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; * * *.
>
> (2) knowingly receives or distributes * * * or knowingly reproduces any visual depiction for distribution * * *, if—
>
> (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; * * *.

18 U.S.C. 2252(a) (Supp.1995). The Court concluded that the statute was properly read to require knowledge of the age of minority, and consequently *did not reach the constitutional question. X–Citement Video,* — U.S. at ——, 115 S.Ct. at 472.

Although the Supreme Court did not specifically rule on the constitutionality of section 2252, it did imply that the statute would not have survived constitutional scrutiny had it lacked a knowledge-of-age requirement:

A final canon of statutory construction supports the reading that "knowingly" applies to ["minor"]. Cases such as [*New York v.*] *Ferber* [,] *Smith v. California* [,] *Hamling v. United States* [,] and *Osborne v. Ohio,* suggest that a statute completely bereft of a scienter requirement as to the age of the performers would raise serious constitutional doubts. It is therefore incumbent upon us to read the statute to eliminate those doubts * * *.

*Id.* at ——, 115 S.Ct. at 472 (citations omitted).

In Peterson's view, this comment on section 2252 raises "serious constitutional doubts" about subdivision 2, which cannot be read to contain a scienter requirement as to age. In addressing Peterson's claim, we find it critical that subdivision 2 targets *producers*—those who promote, employ, use or permit a minor to engage in sexual conduct before an audience or a camera—while section 2252 targets *distributors* of child pornography—those who transport, receive, reproduce or distribute visual depictions of a minor engaging in sexually explicit conduct. As we read *X–Citement Video,* this distinction between production and distribution significantly affects the case's applicability to the facts of Peterson's prosecution.

▮ In discussing the scienter requirement, the Court in *X–Citement Video* suggested that producers of child pornography may reasonably be forced to bear a greater burden than distributors for determining the ages of those from whose performances they profit. In one passage the Court explained that a difference in treatment is justified because the producer

> confronts the underage victim personally *and may reasonably be required to ascertain that victim's age.* The opportunity for reasonable mistake as to age increases significantly once the victim is reduced to a visual depiction, unavailable for questioning by the distributor or receiver.

*Id.* at —— n. 2, 115 S.Ct. at 469 n. 2 (emphasis added). And later, in contrasting section 2252 with 18 U.S.C. § 2251, which is like Minnesota's subdivision 2 in authorizing the prosecution of pornography producers with-

out proof they had knowledge of age,[2] the Court again observed that "producers are more conveniently able [than distributors] to ascertain the age of performers," and added that "[i]t thus makes sense to impose the risk of error on producers." *Id.* at —— n. 5, 115 S.Ct. at 471 n. 5 (citing *United States v. United States Dist. Court,* 858 F.2d 534, 543 n. 6 (9th Cir.1988)). We read these passages as indicating that, consistent with constitutional protections, a producer of child pornography can be subjected to strict liability with respect to the age of a pornographic performer, while a distributor of the same cannot.

At least two commentators also recognize the distinction between production and distribution as relevant to First Amendment analysis. *See* Frederick Schauer, *Codifying the First Amendment: New York v. Ferber,* 1982 Sup.Ct.Rev. 285, 289 (states may avoid any constitutional problem by regulating the production but not the dissemination of child pornography); Robert R. Strang, Note, *"She Was Just Seventeen * * * And The Way She Looked Was Way Beyond [Her Years]": Child Pornography and Overbreadth,* 90 Colum.L.Rev. 1779, 1794 (distribution is more nearly pure speech than production, and this distinction is relevant to overbreadth analysis).

Although not directly addressed by Peterson, the production/distribution dichotomy in Minn.Stat. § 617.246, subd. 2, initially appears obscured because "promote," as among the activities prohibited by subdivision 2, is defined so that it arguably reaches more than strict production activities. *See* Minn. Stat. § 617.246, subd. 1(c) (defining "promote" to mean "produce, direct, publish, manufacture, issue, or advertise"). But subdivision 2 becomes nonsensical when three of the terms used to define "promote" are inserted into the operative language of the statute. Specifically, it is logically impossible to "[publish, manufacture, or issue] a minor to engage in a sexual performance." The meaning of the terms used in the definition

of "promote" is essentially limited by the degree to which they logically can be incorporated into the statute. *See Wegener v. Commissioner of Revenue,* 505 N.W.2d 612, 617 (Minn.1993) (court obliged to reject construction leading to absurd results). The remaining activities of "produce," "direct," or "advertise" come within the "production" sphere.

Reading subdivision 2 as targeting only production activities is further supported by the overall structure of Minn.Stat. § 617.246, which includes two other subdivisions specifically directed at distribution. *See* Minn.Stat. § 617.246, subd. 3 (permitting the prosecution of "[a] person who owns or operates a business in which a work depicting a minor in a sexual performance * * * is disseminated"); *id.* at subd. 4 (proscribing "dissemination] for profit [of] a work depicting a minor in a sexual performance"). For these reasons we think subdivision 2 is reasonably read to prohibit production rather than distribution activities. *See Beaver Creek Mut. Ins. Co. v. Commissioner of Jobs & Training,* 463 N.W.2d 535, 538 (Minn.App.1990) (statute must be construed as whole, with individual provisions read in light of one another) (citing *Anderson v. Commissioner of Taxation,* 253 Minn. 528, 533, 93 N.W.2d 523, 528 (1958)).

In summary, Minn.Stat. § 617.246, subd. 2, prohibits the production of child pornography, and as such is constitutional even though mistake-of-age is not available as a defense in a prosecution under it. The analysis in *X–Citement Video* confirms rather than conflicts with this holding. Finally, we note that our constitutional analysis addresses only subdivision 2, and that the issues in this case do not test the constitutionality of subdivision 3 or 4.

## DECISION

The district court properly denied Peterson's motion to dismiss on the ground that

2. Section 2251 provides that
   "any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in * * * any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished * * * if such person knows or has reason to know that such visual depiction will be transported in * * * commerce or mailed." 18 U.S.C. § 2251(a) (Supp.1995).

Minn.Stat. § 617.246, subd. 2, is unconstitutional. *United States v. X–Citement Video* does not overrule our prior decisions upholding subdivision 2 in *State v. White* and *State v. Fan.*

Affirmed and certified question answered in the negative.